## DAVIS v. THE UTAH SOUTHERN R. R. CO.

NEGLIGENCE, COMMON-LAW ACTION FOR—WHEN JUDGMENT NOT ALLOWED IN, UPON A STATUTORY LIABILITY.—Where an action is begun against a railroad company for damages occasioned by a negligent fire communicated from its locomotive engines, by a complaint framed under the common-law liability of the company for negligence, the plaintiff, failing at the trial to prove the negligence, will not be permitted to abandon the form of action as originally begun, and, without an amendment of the pleadings, claim a recovery from the defendant under a statute which makes the company liable as an insurer of property along its line against fire communicated from its locomotives, regardless of whether or not the fire is the result of negligence; because it would not be granting relief consistent with the case made by the complaint and embraced within its issues, and would be to allow the plaintiff to recover under a different form of action than the one stated by him. The case of *Anderson* v. *Wasatch & J. V. R. R. Co.*, 2 Utah, 518, overruled, in so far as it announces a contrary doctrine.

THE DISCRETION OF THE TRIAL COURT IN AWARDING A NEW TRIAL FOR INSUFFICIENCY OF THE EVIDENCE to justify the verdict will not be revised where there is a substantial conflict of the evidence on a material point.

NEGLIGENCE A QUESTION OF FACT.—As a general rule, the question whether a party has been guilty of negligence or not is one of fact and not of law, even though the facts constituting the alleged negligence are undisputed.

CONTRADICTORY INSTRUCTIONS, WHEN NEW TRIAL NOT GRANTED BECAUSE OF.—A party can not be heard to complain that the instructions are contradictory and for this reason claim a new trial, where the contradiction arises through an instruction requested by himself which is erroneous, and which the jury in their verdict disregarded.

INSTRUCTIONS TO THE JURY SHOULD BE APPOSITE TO THE CASE.—Where the trial court of its own motion instructs the jury, and it appears from the record that instructions were so given, they should be so framed as to make them applicable to the case made by the pleadings and evidence. If they are not so applicable, though abstractly correct, there is error. This error, however, will not furnish grounds for granting a new trial, unless the effect has been to confuse, or withdraw the material issues from the jury.

APPEAL from the third district court. This is an action by the appellant to recover damages for the destruction of his wearing apparel and personal effects, which were in a room occupied by him in and as a guest of the Decker House. Said house was situated within about eight feet from the respondent's track, and was on its right of way, by license and permission of the company. It and its contents, including the said property of the appellant, were totally destroyed by

fire, alleged to have been communicated by a locomotive engine of the respondent on the thirteenth day of April, 1880.

The portion of the complaint which is material on this appeal is in the following language, viz. :

"That on or about the thirteenth day of April, 1880, the defendant caused to be run over and upon said road, so along and by said house, an engine of said defendant, whereby, by the negligence and unskillful and reckless management and control of the same by defendant, sparks were thrown from said engine, whereby and by means whereof fire was communicated to the said house known as the Decker House, and to the room occupied by plaintiff, and to the property of plaintiff, as above set forth, contained therein, and the same was thereby totally consumed and destroyed, through the negligence and reckless conduct of defendant and its agents and servants. That all of said property was so destroyed by fire, communicated, as aforesaid, from the locomotive engine of defendant, without any carelessness, neglect, or want of diligence on the part of plaintiff."

The above is the only allegation in the complaint as to the cause of the fire. The respondent's answer contained a specific and emphatic denial of the charged negligent, unskillful, and reckless management of its engine. There were other denials which are not material to mention here. A jury trial was had, which resulted in a verdict and judgment for the appellant for two hundred and sixty-five dollars and eighty-five cents and costs. The respondent moved for a new trial, which was granted, and the plaintiff appeals from this order.

*A. S. Patterson* and *S. H. Lewis*, for the appellant.

This is an action for damages caused by the burning of personal property of the plaintiff, by fire communicated from the locomotive engine of defendant, which the plaintiff alleges was the result of defendant's negligence. There was sufficient evidence of the defendant's negligence to send the case to the jury; and the jury having passed upon this question, the court below should not have disturbed the verdict for insufficiency of evidence.

But the case of *Anderson* v. *Wasatch & J. V. R. R. Co.*, 2 Utah, 518, holds that in this class of cases proof of negligence

is unnecessary, but it is sufficient if the proof shows that the damage resulted from fire communicated by the locomotive engine of a railroad.

The point made below that plaintiff was himself guilty of contributory negligence is not well taken, as the authorities show, and among them are cases in the supreme court of the United States.

The Decker House was erected on the right of way of the defendant, and by its permission, and the fact that plaintiff lodged in it could not be considered contributory negligence. It did not immediately or proximately contribute to the result: *Flynn* v. *S. F. R. R.*, 40 Cal. 14, and cases cited; *Meeks* v. *Southern Pacific R. R.*, 56 Id. 513; *Ferd* v. *Buffalo etc. R. R.*, 22 N. Y. 209; *Fitch* v. *P. R. Co.*, 45 Mo. 322; *Salmon* v. *D. L. & W. R. R.*, 38 N. J. L. 5; *Webb* v. *R'y Co.*, 49 N. Y. 420; *Salmon* v. *R'y Co.*, 14 Am. Law Reg. 554; *Kellogg* v. *Chicago & N. W. R. R.*, 36 Wis. 229; *Erd* v. *Id.*, 41 Id. 65; 29 Id. 144; 91 U. S. 454; 94 Id. 469.

The defendant objected below, on the motion for a new trial, that the jury disregarded the instructions of the court; that under the instruction that plaintiff had been guilty of negligence, the verdict should have been for the defendant.

This instruction given by the court was clearly erroneous, but it was asked for by the defendant, was in its favor, and if the jury in disregarding it reached a proper verdict, according to law and the other instructions given by the court, then the error is immaterial and harmless, and was no ground for a new trial.

The question of negligence, both of plaintiff and defendant, was for the jury to determine, and the instruction referred to was simply the opinion of the learned judge of the court below, upon a question of fact which should have been submitted to the jury, was contrary to law, given at the defendant's request, and can not disturb the verdict. The rule is well settled that a party can not be heard to complain of an error which does not prejudice or injure him: Hilliard on New Trials, 32–36, and cases cited.

Upon the whole case, we contend that the verdict was clearly and certainly right, that the erroneous instructions of the court being at the request of the defendant, and in its

favor, it was not entitled to a new trial, and the order grant-ing it should be reversed.

*Williams & Young*, for the respondent.

The plaintiff must recover, if at all, by maintaining in proof the case made in the complaint. That the proof must follow the allegations is a very ancient, well-established, and rational rule : *De Graw* v. *Elmore*, 50 N. Y. 1 ; *Ross* v. *Mather*, 51 Id. 110 ; *Barnes* v. *Dingley*, 59 Id. 265 ; Pomeroy on Remedies, sec. 554 et seq.

The essential ingredient of the case stated in the complaint is the negligent and unskillfull management by the respond-ent of its engine, and upon this allegation issue is joined.

We insist that the record fails utterly to show any evidence whatever of negligence on the part of respondent; while it is shown that the engine was in good order, supplied with the most approved devices to prevent the escape of fire, and was operated with care and skill.

But if there were a conflict in the evidence on this point, this court will not revise the discretion exercised by the dis-trict court in granting a new trial : *Hall* v. *Bark Emily Ban-ning*, 33 Cal. 522.

The chief reliance, however, of appellant's counsel evidently is that they may abandon the case made in the complaint and substitute one based upon the statute (Comp. L., sec. 503), and claim that the case of *Anderson* v. *Wasatch and Jordan Valley Railroad Company*, 2 Utah, 524, is authority for this feat of ground and lofty tumbling. The court, in deciding that case, says the action seems to be brought under the statute, and "when proof is made of the destruction of prop-erty by fire communicated from the engines, negligence is presumed until the contrary appears."

" The proof of such destruction made a *prima facie* case, and the burden was then upon the defendant to show that there was due caution and diligence on its part, and that the fire was not the result of its negligence." If this language means anything, it is simply that the plaintiff is, by the statute, re-lieved of the burden of proving negligence on the part of the defendant, to warrant a recovery; and that if this presump-tion is repelled by the defendant by proof, the right of re-

covery is defeated. This is exactly what the defendant did in this case.

But if this legislation is valid, applies to this case, and is to be given the effect contended for by opposing counsel, still it does not relieve the plaintiff from the consequences of his own negligence, contributing to produce the loss for which he sues: *Ross* v. *Boston & Worcester R. R. Co.*, 6 Allen, 87.

In this case the plaintiff was guilty of contributory negligence. This precluded his right of recovery, and justified the court in giving the instruction requested by defendant: *Railroad Co.* v. *Jones*, 95 U. S. 442; *Murphy* v. *Chicago & N. W. R'y Co.*, 45 Wis. 222; *Kesee* v. *Chicago & N. W. R. R. Co.*, 6 Amer. 643; Shear & Redfield on Negligence, sec. 335; *Mich. Cent. R. R. Co.* v. *Anderson*, 2 Mich. 244.

When the facts are undisputed, or conclusively proved, the question of negligence is to be decided by the court as one of law: Wharton on Negligence, sec. 420, and cases there cited.

The jury having disregarded and disobeyed the instruction given at the request of the defendant, their verdict was against the law: *Emerson* v. *Santa Clara County*, 40 Cal. 543.

EMERSON, J.:

It was not error to grant the new trial for the reason set out in the first part of the first assignment of error, which is, that "the evidence is insufficient to justify the verdict in this: the evidence fails to show that it was the negligence or fault of the defendant which caused the injury complained of."

It is evident the complaint was not framed with a view of a recovery under the statute, Comp. Laws, sec. 503, which, it is claimed, puts out of the question in such cases the negligence or want of negligence on the part of the railroad companies, and makes them insurers of property along their line against fires communicated from their locomotive engines. If such was the design of the pleader, he is very unfortunate in the language chosen to express his cause of action. The form adopted by him is that of a common-law action for negligence. The words charging negligence and unskillfulness are material parts of the allegation, and must be proved as

alleged. They are the words which characterize and give form to the action. It is true all forms of action are abolished by the code, but the pleader is required to state the facts which constitute *the* cause of action, not facts which constitute *a* cause of action differing from the one to be established by the evidence.

But the appellant claims that he may now, and without amendment, abandon the case made by his complaint, and recover by force and in accordance with the provision of the statute. This is not allowable under the one hundred forty-ninth section of the practice act, because it would not be granting relief consistent with the case made by the complaint and embraced within the issues, and would be to allow the appellant to recover under a different form of action than the one selected by him. It would seem to me to be altogether too latitudinarian a doctrine, even under the very liberal intrepretation given to codes containing the exact or similar provisions as our section 149, to allow the plaintiff, after framing his complaint in language material and necessary for the form of action selected by him, on failure to prove on the trial these material and necessary allegations, to claim that they are immaterial in another form of action, under a statute, for example, and shift his right to recover to that ground.

The idea that under the code the old forms of pleading and the technical distinction between the different forms of action as they existed at common law could be entirely abolished and lost sight of has never been realized. The court, in interpreting pleadings and administering relief under the code, is compelled to constantly keep them in mind. "Notwithstanding the liberal rule of construction applied to pleadings under the code, I am aware of no case or principle upon which a plaintiff may recover, not only upon facts not stated, but upon evidence which disproves those which are stated. The principle still remains that the judgment to be rendered by any court must be *secundum allegata et probata.*" *Neudecker* v. *Kohlberg et al.,* 81 N. Y. 296; *Tooker* v. *Arnoux,* 76 Id. 397.

In the case at bar, the appellant had a right to elect whether he would pursue the right given him by the statue or the common-law action for negligence. He chose the latter, and

properly framed his complaint with that view, and in making out his case on the trial, undertook to prove it. That he still adheres to it is apparent from the first sentence in his brief, in which he says: "This is an action for damages caused by the burning of personal property of the plaintiff, by fire communicated from the locomotive engine of defendant, which the plaintiff alleges was the result of defendant's negligence." The appellant relies upon the case of *Anderson* v. *Wasatch & J. V. R. R. Co.*, 2 Utah, 518, as deciding that proof of negligence is not necessary. In that case, the court say that the action "seems to be brought" under the statute. If that was the fact, then it is not applicable to the case at bar. If the complaint in that case was framed like the one in this (and a point made in the brief of the appellant would seem to indicate it), then the court made an easy bridge over the difficulty presented by saying that it "seemed to be brought" under the statute, and the case should be overruled.

The appellant's proof of negligence was very meager and unsatisfactory, and was met by proof quite as strong, if not more convincing, of the entire absence of any negligent, unskillful, or reckless management of the respondent's engine on the occasion referred to. To say the least, the evidence upon this point was conflicting. Where there is a substantial conflict of evidence on a material point, this court will not revise the discretion exercised by the district court in granting a new trial: *Newton* v. *Brown*, 2 Utah, 126.

It is claimed by the respondent that the instructions given to the jury are contradictory; and for this reason, also, the order granting a new trial should be affirmed.

As we have, for the reasons above stated, determined to affirm the order of the court below, I shall not enter upon so critical an examination of the instructions as I otherwise would, but shall review them in a general way only.

The first instruction, but not numbered, in the record was given at the request of the respondent, and is as follows: "The proximity of the Decker House to the defendant's railroad track, and the material of which it was constructed, necessarily subjected it to great danger and risk of destruction by fire, caused by the ordinary operation of defendant's line, and the fact that the defendant placed his property, for

the loss of which this action is brought, in the said house so exposed as it was to fire, was negligence on his part, and precludes his right of recovery."

If this instruction was proper, and correctly presented the law of the case, there was an end of the matter; no other instructions were needed or ought to have been given.

The balance of the instructions were confined to definition, and a statement of the consequences, of contributory negligence on the part of the appellant. As a statement of law upon this subject, there is no serious objection to any of them.

The first instruction above referred to is erroneous. It in effect decided the question of the defendant's negligence as a question of law, and took the case away from the jury, and if it had been observed by them, nothing remained for them to do but to sign a verdict for the defendant. The general rule is, that the question whether a party has been guilty of negligence or not is one of fact, and not of law. Although the facts as stated in the instruction were undisputed, they were not such as to take the question out of the general rule.

In *Railroad Company* v. *Stout*, 17 Wall. 657, the supreme court of the United States say: "Certain facts we may suppose to be clearly established from which one sensible, impartial man would infer that proper care had not been used, and that negligence existed; another man, equally sensible and equally impartial, would infer that proper care had been used, and that there was no negligence. It is this class of cases, and those akin to it, that the law commits to the decision of a jury. Twelve men of the average of the community, comprising men of education and men of little education, men of learning and men whose learning consists only in what they have themselves seen and heard, the merchant the mechanic, the farmer, the laborer—these sit together, consult, apply their separate experience of the affairs of life to the facts proved, and draw a unanimous conclusion. This average judgment thus given it is the great effort of the law to obtain. It is assumed that twelve men know more of the common affairs of life than does one man, that they can draw wiser and safer conclusions from admitted facts thus occurring than can a single judge. * * * We find accordingly,

although not uniform or harmonious, that the authorities justify us in holding in the case before us, that although the facts are undisputed, it is for the jury and not for the judge to determine whether proper care was given, or whether they establish negligence."

It is evident that the jury disregarded this instruction, and as it was erroneous, and given at the request of the respondent, he can not be heard to complain of this action in this regard, or that it was contradictory to the instructions upon which they did find.

To the giving of the other instructions above referred to the respondent excepted. The only vice noticeable in them is, that they are not strictly applicable to the case then before the court; they do not fairly present the whole law of the case. So far as these instructions are concerned, the court gave the jury to understand that the appellant's right to recover was in no way dependent upon this finding that there was negligence upon the part of the respondent. There was no instruction upon this feature of the case. When the court of its own motion instructs the jury, and it appears from the record that those instructions were so given, they should be so framed as to make them applicable to the case made by the pleadings and evidence.

It is always error to instruct a jury upon abstract questions of law, not applicable to the issues and proofs in the case in which they are given, but this error will not furnish sufficient ground for granting a new trial, unless the effect has been to confuse, or withdraw the material issues from the attention of the jury.

The judgment of the lower court granting a new trial is affirmed.

Hunter, C. J., concurred.

Twiss, J., dissented.