[Department Two.—January 26, 1883.]

## LOWELL TRASK, RESPONDENT, v. THE CALIFORNIA SOUTHERN RAILROAD COMPANY, APPELLANT.

NEGLIGENCE—MASTER AND SERVANT.—A railroad company is liable to an employee for an injury received by him in consequence of the unskillful, improper, and negligent manner in which the company constructed its road. In such a case, the rule exempting the master from liability for an injury to a servant caused by the negligence of a fellow-servant has no application.

APPEAL from a judgment of the Superior Court of the county of San Diego, and from an order refusing a new trial.

The injury resulted from an accident to a construction train on which the plaintiff was riding.

*H. E. Cooper*, and *M. A. Luce*, for Appellant.

A person who voluntarily enters the employ of another, with full knowledge of the dangers and hazards of the employment, must be held to have assumed the consequences of such risks; and he cannot recover from his employer for injuries resulting therefrom. (*Sweeney* v. *Central Pacific R. R. Co.* 57 Cal. 15; *McGlynn* v. *Bodie*, 31 Cal. 377; *Ladd* v. *New Bedford R. R. Co.* 20 Am. Rep. 331; *Lovejoy* v. *Boston & Lowell R. R. Co.* 28 Am. Rep. 206; *Gibson* v. *Erie R. R. Co.* 20 Am. Rep. 552; Civil Code, § 1970; *McLean* v. *Blue Point Gravel Co.* 51 Cal. 256; *McDonald* v. *Hazeltine*, 53 Cal. 36.)

*Leach & Parker*, for Respondent.

Cited *Beeson* v. *Green Mountain G. M. Co.* 57 Cal. 21.

PER CURIAM.—The demurrer to the complaint was properly overruled.

The point is made that the evidence shows that the plaintiff was injured by the negligence of the defendant's engineer, and that as he was engaged in the same general business with such engineer, he assumes, in taking employment, such a risk, and should not be allowed to recover. But the court finds that the injury was caused by the unskillfull, improper, and negligent manner in which the defendant constructed its road.

Conceding that the point urged, as to the relation of the plaint-

iff and the engineer is correct, it has no application to the facts as found. The plaintiff did not assume the risk arising from the unskillful, improper, and negligent manner in which *defendant's* road was constructed.

It is said that the evidence is not sufficient to sustain the findings as to the construction of the road above stated. We have examined the evidence and are of opinion that it does sustain the finding.

Judgment and order affirmed.