## PETER CUNNINGHAM, RESPONDENT, *v.* UNION PACIFIC RAILWAY COMPANY, APPELLANT.

NEGLIGENCE—PERSONAL INJURIES OF EMPLOYEE.—The defendant operated a coal mine and employed miners therein by the job. The plaintiff, a miner so employed, worked in a chamber of the mine, access to which was obtained by a gangway, which was ten feet high, the roof of which was supported by pillars of coal, and which was not timbered. The defendant caused the pillars to be cut away until they were smaller than customary in such mines, and in cutting them away a piece of coal was left on one of them overhanging the gangway about three feet, which was known by the foreman of the mine; the plaintiff, while his work was being measured, unaware of the defect, sat at the foot of this pillar and the overhanging piece of coal fell on him, inflicting serious injuries; *held*, that the facts showed negligence on the part of the defendant.

ID.—BURDEN OF PROOF.—When a duty is imposed on a person to keep premises in a safe condition and an accident results from the unsafe condition of the premises, negligence in the person on whom the duty is cast, is presumed, and the burden of proof is on him to show that he used reasonable care and diligence.

NEW TRIAL—VERDICT AGAINST EVIDENCE.—Where the evidence introduced has a legal tendency to make out a proper case in all its parts, although it may be slight, inconclusive and far from satisfactory, it should be submitted to the jury, and verdict will not be disturbed.

CONTRIBUTING NEGLIGENCE—EVIDENCE.—Certain evidence stated in the opinion; *held*, not to establish contributory negligence on the part of the plaintiff.

NEGLIGENCE—EVIDENCE—EXHIBITING INJURIES.—In an action to recover damages for personal injuries caused by the negligence of the defendant it is not error to permit the plaintiff to exhibit his injuries to the jury.

ID.—FELLOW SERVANT.—The negligence of defendant's foreman, who has entire charge of the mine underground was the negligence of the defendant, and such foreman was not the fellow servant of a miner working in the mine under his directions.

·ID.—PLEADING—EVIDENCE UNDER GENERAL ALLEGATION.—Under a general allegation of negligence, the circumstances constituting it may be proved, although other circumstances particularly specified in the complaint are unproved.

INSTRUCTIONS—CHARGE COVERING THE WHOLE CASE. — When the charge given by the court below covers the entire case and submits it properly to the jury, such court may refuse to instruct further.

U. S. *v.* Musser, ante p. 153, followed.

APPEAL from a judgment of the district court of the third district and from an order refusing a new trial. The opinion states the facts.

*Messrs. Williams & Young*, for the appellants.

The plaintiff was guilty of contributing negligence: *Railroad Company* v. *Jones*, 95 U. S. 441, and cases there cited; *Wilds* v. *Hud. R. R. Co.*, 24 N. Y. 430; 2 Thompson on Neg. 1104, et. seq.; Wharton Neg. sections 244 and 300, et seq.; *Pittsburg, etc., R. R. Co.* v. *Sentmyer*, 5 Am. and E. R. Cases, 508 and note; *Chicago, etc., R. Co.* v. *Rush*, 84 Ill. 570.

The alleged injuries resulted from the risks incident to the business of coal mining, which risks plaintiff assumed: *Penn. R. R. Co.* v. *Wachter*, 15 A. & E. R. R. Co. 187 (60 Maryland); *Wright* v. *N. Y. C. R. Co.*, 25 N. Y. 562; *Umback* v. *Lake Shore & M. S. R. Co.*, 8 A. and E. R. Co. 98; *Pittsburg, etc., R. R. Co.* v. *Sentmyer*, 5 Am. and Eg. R. Cases, 508 and note.

And especially is this the doctrine where the plaintiff has knowledge or the means of knowledge of the condition of things: *Price* v. *Hannibal & St. Joseph Ry.* 15 A. and

E. R. Ca. 168 (77 Missouri); 55 Iowa, 673; *Keegan v. Lavanaugh*, 62 Mo. 232; *McQueen v. Central Branch Union Pacific*, 15 A. E. R. C. 226. (Kansas Rept.); *Sweeney v. Central P. R. R.*, 8 A. & E. R. Ca.; *Michigan Central R. R. v. Smithson*, 1st A. & E. R. Ca. 101, and note, page 107, in same volume; *Dillon v. Union Pacific*, 3 Dill. 319 and authorities there cited; *May v. Ill. Cent. Ry. Co.*, 8 Am. Rwy. Ca., 400.

If, with this knowledge, or means of obtaining it, he, without protest, continued to work in and about said mine and was injured by the negligent way said mine was worked, he cannot recover, as his act will be construed either as contributous negligence, or that he voluntarily took the risk of remaining in said mine: Above authorities; *Mich. Cen. R. R. Co. v. Smithson*, 1 A. and E. R. Cas. 101; *Chicago R. Co. v. Ward*, 61 Ill. 139; *Indianapolis R. Co. v.* Flanigan, 77 Ill. 365; *Sweeney v. Central Pacific*, 8 A. & E. R. C., 151.

No evidence of any facts showing negligence, except the facts specially pleaded, should have been received: *Marquette, etc., R. R. Co. v. Marcott*, 41 Mich. 433; *Flint Pen. etc., Ry. Co. v. Stark*, 38 Mich. 714; *Shaw v. Barlow & Co., R. Co.*, 8 Gray, 45; *Lund and wife v. Inhabitants, etc.*, 11 Cush. 563; *Batterson v. Railroad Co.*, 8 A. & E. R. C., 123.

The foreman of the mine was a fellow-servant of the plaintiff: *Faulkner v. Erie Railway Co.*, 49 Bost.; *Mackin v. Boston & Albany R. R. Co.*, 15 A. & E. R. C. 196 (135 Mass.); *Mander v. Balt. & Ohio R. R. Co.*, 32 Md. 411; same case 3d Am. Repts. 143; *Holden v. Fitchburg R. R. Co.*, 129 Mass. 208; same case Am. Rept. 348; also 2d A. & E. R. Co. 94; *Buckly v. Gold and Silver M. Co.*, 14 Fed. Repts. 833; 2 Thomp. on Neg. 917 et. seq. 9; *Dillon v. Union Pacific*, 3 Dillon 319 and note; *Pittsburg R. R. Co. v. Ranney*, 5 A. E. R. C. 533; *Holden v. Fitchburg R. R. Co.*, 2 A. & E. R. C. 94 and note; note to 8th Am. and Eg. R. Ca. 168.

*Messrs. Sheeks & Rawlins*, for the respondent.

POWERS, J.:

The defendant and appellant is the owner of a coal mine in Summit county, known as the Grass Creek coal mine, which it was working in February, 1882. On that date the plaintiff was in the defendant's employ as a coal miner, and in order for him to get to his work he was compelled to pass through a drift or gangway. The plaintiff claims that this drift or gangway was carelessly constructed by the defendant, and that the defendant had negligently failed to secure the sides, roof and pillars by timber or otherwise, and that it was unsafe, which fact was known to defendant. The defendant in its answer denies all this.

On the trial in the court below the plaintiff secured a verdict of five thousand dollars, and the case is brought here for review on appeal from the judgment.

The testimony on the part of the plaintiff tended to show that the mine in question is run down upon an incline of thirty or thirty-five degrees. That after the incline runs down two hundred feet the first level is reached, from which gangways extend east and west. Two hundred feet farther down the second level is reached with similar gangways. In February, 1882, the east gangway on the second level extended about one thousand feet. Along this gangway are rooms which are numbered. The gangway is about ten feet high and about eleven feet wide. Just previous to February, 1882, the plaintiff had been assigned to work as a miner in one of the rooms of the east gangway. The foreman gave him work to perform, and he was paid by the yard for mining the coal.

On the last day of January plaintiff had completed his job, and on the evening of February 1 he went down for the double purpose of seeing his work measured and of obtaining a new job. Feeling tired from taking down some heavy drills, he sat down, with two others, to rest by the mouth of the room in which he had been at work, with his back against a pillar. A large quantity of coal fell on him from the pillar, which crushed his leg and badly injured his spine. The testimony also tended to show that if the gangway had been protected by timbers the accident

would not have happened, and that the fact that it was dangerous could have been ascertained by the defendant.

The plaintiff had no knowledge that the gangway was unsafe, and he testified that in coal mines the miners rely upon the company to make the gangway safe. It appears that the company was engaged in "robbing" the pillars that supported the roof, that is, taking coal from the pillars.

The side of the mine where the plaintiff was working was undergoing what is called a "crush." The weight of the roof was crushing the pillars. It is usual to leave the pillars about one-half. That is, the pillars are left the same size as the entrance between; but in this mine the pillars had been robbed until they were but little more than one-third.

The defendant claimed that everything had been done that was required to make the mine safe; that the mine had been managed with care and fully inspected day by day.

I. The first point made by the learned counsel for the defendant, is, that the evidence was insufficient to justify the verdict; that no negligence was shown on the part of the defendant. There is evidence in the record tending to show that if the walls had been timbered the accident would not have occurred, and that if the defendant had exercised reasonable diligence it would have discovered that the roof was unsafe. The accident occurred in a gangway used as a highway in going to and from the workings of the mine, and as a place of resort for safety when blasts were made. The plaintiff had nothing to do with inspecting the gangway. The testimony on the part of the plaintiff shows that it was the duty of the defendant to see that it was safe. The fact of the coal falling in the manner it did, a thing not ordinarily happening, as the record shows, if reasonable diligence is employed in inspecting and keeping the gangway safe, would raise a presumption of negligence on the part of the defendant. Whenever it is a defendant's duty to keep premises in a proper condition, as it respects persons passing, and these are out of condition, and an accident happens, it is in-

cumbent upon the defendant to show that he used that rea-
sonable care and diligence which he was bound to use, and
the absence of that care may fairly be presumed, from the
fact that there was the defect from which the accident had
arisen: *Kearney* v. *London & C. R. R. Co.*, L. R., 5 Q. B.;
411; 6 Q. B., 759; *Byrne* v. *Boadle*, 2 Hurl. & Colt. 722,
*Gee* v. *Metropolitan Railway Company*, L. R., 8 Q. B., 161;
*Edgerton* v. *N. T. & H. R. R. Co.*, 39 N. Y. 227; *Curtis* v,
*Roch. & Syracuse R. R. Co.*, 18 N. Y. 534; *Mullen* v. *St.
John*, 57 N. Y. 570; *Roberts* v. *Johnson*, 58 N. Y. 613;
*Seybolt* v. *R. R.*, 47 Am. Rep. 75; *Feital* v. *R. R. Co.*, 12
Am. Rep. 720; *Gray* v. *Boston Gaslight Co.*, 19 Am. Rep.
324. But, in this case, there is evidence from which negli-
gence upon the part of the defendant might be inferred.
At least, there was sufficient to submit to the jury. The
coal which fell had been left overhanging the gangway
some three feet. This the foreman of the mine knew, but,
he took no steps to remove it or to protect it by timbers.
He was aware that coal hanging from the roof, though it
might seem safe one moment, was liable to fall the next.
It was his business to report the condition of the mine from
day to day to the superintendent, and it will be presumed
that he did his duty.

It was, therefore, proper for the jury, in view of all the
facts, to find whether the defendant had been negligent or
not. Under our system of jurisprudence it is the province
of the jury to pass upon the facts. It is not only their
privilege, but their right, to judge of the sufficiency of the
evidence introduced to establish any one or more facts in
the case on trial. The credibility of the witnesses, the
strength of their testimony, its tendency, and the proper
weight to be given it, are matters peculiarly within their
province. The law has constituted them the proper tri-
bunal for the determination of such questions. To take
from them this right is but usurping a power not given.
The jury should be left entirely free to act according to
their own judgment. When there is a total defect of evi-
dence as to any essential fact, or a spark, a scintilla, as it
is termed, the case should be withdrawn from the consid-
eration of the jury; where, however, the evidence intro-

duced has a legal tendency to make out a proper case in all its parts, then, although it may, in the opinion of the trial court, or the appellate court, be slight, inconclusive, and far from satisfactory, yet it should be submitted to the jury, whose proper province it is to consider and determine its tendency and weight: *Conely* v. *McDonald*, 40 Mich. 158; *Ryder* v. *Wombwell*, Law Rep. 4 Exch. 38; *Commissioners* v. *Clark*, 94 U. S. 284; *Schurchardt* v. *Allen*, 1 Wall. 369; *Drakely* v. *Gregg*, 8 Wall. 268; *Hickman* v. *Jones*, 9 Wall. 201; *Ins. Co.* v. *Rodell*, 95 U. S. 238; *Kelly* v. *Hendrie*, 26 Mich. 256; *Blackwood* v. *Brown*, 32 Mich. 107.

II. The next point made by the respondent is that the plaintiff was guilty of contributory negligence in sitting down where he did in the mine. It is conceded that he had a right to pass along the gangway in the ordinary course of business, but it is contended that he had no right to lounge there. It will be remembered that the plaintiff had come down into the mine for a double purpose; first to have his work measured, and second to secure a new job.

He had reached the mouth of the room where he had been at work and sat down to await the arrival of the foreman. He was there on legitimate business, and he had a right to sit down and wait. The gangway was supposed to be kept safe by the company. He was unaware of any defect in it, and we do not think such negligence was shown on his part as to bar his recovery. The most that can be said is that reasonable minds might differ as to whether he was negligent or not, and the question would therefore have to be determined by the jury.

III. The court below permitted the plaintiff to exhibit the injured foot to the jury and this is alleged to be an error. While, of course, the trial court should be careful and not allow improper matters to be brought to the attention of the jury, the exhibition of the injured foot can hardly be called improper, for, as was said in the case of *Mulhado* v. *R. R.*, 30 N. Y. 370: "Such exhibition certainly tended to make the description of the injury more intelligible, and it cannot be supposed that it could have

had any undue influence upon the feelings or sympathies of the jury. As well might it be contended that a man who had lost an arm or a leg by a similar injury should not be permitted to appear before a jury and testify in relation to it, least thereby their feelings might be influenced, and under the undue excitement created thereby they might do injustice. We cannot assume that any such consequences will follow such a course of examination, and we cannot perceive that it was objectionable in the present instance." See Wharton's Evidence, sec. 346.

IV. Another point made is, that if negligence was the cause of the injury, it was the negligence of the foreman, a fellow-servant of the plaintiff. The foreman had the entire charge and superintendence of the mine underground. Notice to him was notice to the company, and his neglect was the neglect of the company: *Brabbits* v. *Chicago*, etc., *R. R. Co.* 38 Wis. 289; *Malone* v. *Hathaway*, 64 N. Y., 5-9: *Mullan* v. *Philadelphia R. R. Co.*, 78 Penn. St., 25; *Hofnagle* v. *N. Y. C. R. R.* 55 N. Y. 608. The testimony shows that it was the duty of the defendant to keep the gangway safe; that the plaintiff had nothing to do with the gangway, and that he was unaware of the existence of the overhanging coal. It being the defendant's duty to exercise reasonable diligence in keeping the gangway in a safe condition, it could not absolve itself of that duty by delegating it to others: Cooley on Torts, 549, 557, 560; *Hough* v. *R. R. Co.*, 100 U. S. 213; *Corcoran* v. *Holbrook*, 59 N. Y. 517; *Holden* v. *Fitchburg R'y Co.*, 37 Am. Rep. 343, 348, 349; *Indianapolis, etc. R. R. Co.* v. *Flanigan*, 77 Ill. 365; *Chicago & Iowa R'y Co.* v. *Russell*, 33 Am. Rep. 54.

This point was very carefully considered by this court in the case of *Bowers* v. *Union Pacific Railway Co.*, post p. 215, and it was there held, that when it is the duty of a master to furnish sound material and machinery, and defective machinery causes an injury to a servant, the rule which exempts the master from liability for injury to a servant, caused by the negligence of a fellow-servant, does not apply. The negligence is that of the company, and not of a fellow-servant. The principle thus laid down ap-

plies with equal force to the case at bar.   See also *Trask*
v. *California S. R. Co.*, 63 Cal. 96; *Belson* v. *Green Moun-*
*tain G. M. Co.*, 57 Cal. 20.

For the     court, under the facts of this case, to have
charged the jury, as requested by the defendant, that if the
accident was occasioned by the negligence of the foreman,
the plaintiff could not recover, would have been error:
*Chicago & Milwaukee R. R.* v. *Ross*, 112 U. S. 337;
*Moore's Admr.* v. *R. R.*, 49 Am. Rep. 401; *R. R. Co.* v.
*Swansen*, 49 Am. Rep. 718.

V.   The plaintiff's complaint alleges that "the defendant
so negligently and carelessly dug, constructed and kept
said gangway, by its negligent failure to timber or other-
wise secure the sides, roof, walls and pillars or supports
thereof, that the same was, at the time of the injury here-
inafter mentioned, dangerous and unsafe; all of which the
defendant then and there knew, and of which plaintiff was
then and there ignorant." The defendant argues that,
under this allegation, the court permitted the plaintiff to
show that the cause of the accident was the stripping of
the pillars, which so weakened the support that there
was a general "crush" in that part of the mine, which
caused the injury.

The testimony, the defendant claims, was improperly ad-
mitted under the pleadings.   The answer to this is, that if
the plaintiff could show that the pillars were insufficient
to support the weight upon them, then it became the duty
of the defendant to do what a prudent man would do,
proceed to timber the walls and roof.   Besides, under a
general allegation of negligence, the circumstances consti-
tuting it may be proved, even though other circumstances
particularly specified in the complaint are unproved: Ab-
bott's Trial Evidence, 583; *Edgerton* v. *N. Y. R. R. Co.*,
39 N. Y. 227.

VI.   The case was properly left to the jury to determine,
as a question of fact, whether or not the plaintiff was
guilty of negligence, or whether the injury was caused by the
negligence of the defendant: *Bowers* v. *Union Pacific Rail-*
*way Co.*, post p. 215; *Davis* v. *Utah Southern R. Co.*, 3 Utah
218; 2 Thompson on Negligence, 1010, 1011, 1012, 1015;

*R. R. Co.* v. *Stout,* 17 Wall. 615; *Thurber* v. *R. R. Co.,* 70 N. Y. 327; *Conroy* v. *Iron Works,* 62 Mo. 35; *Dorsey* v. *Phillips & Colby Construction Co.,* 42 Wis. 583; 76 Penn. St., 393, 394. The charge of the court covered the whole case, so as to fairly submit it to the jury, and, therefore, although some of plaintiff's requests to charge were technically good law, it was not error to refuse to give them: *Indianapolis & St. Louis R. R.* v. *Horst,* 93 U. S. 291. When the charge given by the court below covers the entire case, and submits it properly to the jury, such court may refuse to instruct further. It may use its own language and present the case in its own way: *United States* v. *Musser,* ante p. 153.

We find no error in the record, and the judgment, therefore, is affirmed, with costs.

ZANE, C. J., and BOREMAN, J., concurred.