# ALVIN D. BOWERS, Respondent, v. UNION PACIFIC RAILROAD COMPANY, Appellant.

Negligence—Sufficiency of the Evidence.—The plaintiff was injured while in the employment of defendant, the injury resulted from the breaking of a car coupling, caused by the defective character of the iron out of which it was made, and of which defectiveness the defendant had prior notice; *held,* that the accident resulted from defendant's negligence.

Id.—Presumptive Knowledge.—It is incumbent on an employee to know whatever is embraced in his special line of employment, but he is not required to know those things which belong to a different branch of service.

Id.—Risks assumed by Employee—Defective Materials.—An employee does not assume the risk of imperfect materials furnished him by his employer. It is the duty of the latter to exercise ordinary diligence to furnish sound material and machinery for the purposes of the employment, and not to use such as are unsound after notice of the defect; and the employee has a right to rely on the performance of this duty.

Contributory Negligence—Burden of Proof.—Negligence of the injured party, amounting to an absence of ordinary care and proximately contributing to the injury, will bar all relief, but the burden of proving such negligence is on the defendant, unless it be shown by the evidence for the plaintiff.

ID.—QUESTION FOR JURY.—The question of negligence is one for the jury to pass on under proper instructions from the court.

NEW TRIAL—VERDICT AGAINST THE EVIDENCE.—A verdict will not be set aside as contrary to the evidence, if there be a substantial conflict of evidence on the point.

ID.—EXCESSIVE VERDICT.—A verdict for ten thousand dollars held not to be excessive under the circumstances stated in the opinion.

NONSUIT.—A nonsuit will not be ordered unless a verdict for the plaintiff would necessarily have to be set aside.

PRACTICE—ASSIGNMENT OF ERROR—INSTRUCTIONS.—An assignment of error to a charge, only part of which is bad, must point out the erroneous part or will be disregarded.

INSTRUCTIONS—Certain instructions set out in the case examined and held to be correct.

APPEAL from a judgment of the district court of the first district, and from an order refusing a new trial.

The court of its own motion charged the jury as follows:

The plaintiff brings his suit to recover damages for personal injuries to himself while in the employ of the defendant. The facts are all with you, you are the sole judges of them and of the credibility of the witnesses. The law which you are to apply to the facts, as you shall find them, you must receive and take from the court. The plaintiff is bound to make out and show the existence of the facts necessary to entitle him to recover by a preponderance of testimony. By a preponderance of evidence is that state of the case which you think most likely to have been the case, the way your mind preponderates. This makes out a preponderance.

If you should find from the evidence that the defendant was not negligent, then the plaintiff cannot recover, and if you should find that the defendant was negligent, and the plaintiff was also guilty of negligence which contributed to the accident and injury, as it shall be explained to you hereafter, then the plaintiff cannot recover.

The court, at the request of plaintiff, also gave the jury the following instructions:

1st. The measure of precaution and care required by law of persons in the exercise of their rights must always be in proportion to the exigencies of the occasion, and

also in view of the likelihood of endangering or affecting other parties by the exercise of such rights, and this is especially so when the life or limb of a human being is concerned.

2d. The negligence on the part of the plaintiff that will defeat a recovery in this must be such as contributed to the injury. The mere fact that he was upon or near the track when he was struck is not conclusive evidence of negligence, if he was ordered or directed to go there in the course of his employment, and did not know, and had no means of knowing of the defect or fault in the machinery of defendant, if you find that the accident was the result of some defect in the machinery of the defendant. Nor is it any conclusive evidence of negligence on the part of plaintiff that he attempted to cross the track, unless you should find that such attempt to cross the track was doing what a reasonably prudent person, under the existing circumstances, would not have done.

3d. If you are satisfied from the evidence, that plaintiff has a right to recover, you should award such damages as will, in your judgment, fully compensate the plaintiff for the injuries and losses that he may have sustained in consequence of the alleged misconduct of the defendant.

4th. In estimating damages the jury may take into consideration whatever of bodily or mental pain and suffering the plaintiff has endured, and the fact, if such be the fact, that by reason of the injuries he received, he may not be as well able to labor and earn a living hereafter as he was before the injury. Also the extent to which his injuries may permanently disable him, and also any expense incurred by him.

At the request of the defendant the court further instructed the jury as follows:

1st. Negligence is the failure to do what a reasonable and prudent person would have done, under the circumstances of the situation, or doing what such a person under the existing circumstances would not have done.

2d. Contributing negligence is defined to be that act on the part of a party injured that is proximate to the damage

done, and without which the injury could not have happened. So if the jury find from the evidence that the plaintiff was careless and negligent within the definition above given in standing on or near the track while the cars were ascending the track, he cannot recover, although the defendant may have been negligent in providing suitable machinery.

3d. If the jury find from the evidence that the plaintiff knew, or had means of knowing of the defect or fault in the machinery of the defendant, and after such knowledge or means of knowledge, and without protest on the part of plaintiff in that regard, or promise on the part of defendant that such defect should be remedied, he continued in the employment of defendant, and was thereafter injured by such defect, plaintiff cannot recover.

5th. A railroad, or other company, or employer is under no obligation to furnish the best or safest machinery for its employees. It is required to use ordinary care in the construction of its machinery, and that the same shall be ordinarily or reasonably safe for the purpose for which it is used. But if after exercising reasonable care, machinery is found defective, by which an employee is injured, he cannot recover.

The defendant also requested the court to give the following instructions:

4th. If the jury find from the evidence, that the point where plaintiff was injured was a dangerous one, and that he had a warning of this either from the agents of the defendant, or by his own common sense, and notwithstanding such warning plaintiff continued in such dangerous place at a time or moment when such act was hazardous, and he *could* have been elsewhere, the risk was his own, and his act contributed to the injury, and he cannot recover.

6th. A party entering into the employment of another takes upon himself the natural and ordinary risks of such an employment, be it extra hazardous or not. Therefore if the jury believes from the evidence that plaintiff knew or had means of knowing of the danger threatening him by working in said mine, or said stope, at the time and place he was injured, he cannot recover.

But the court refused to give such instructions in the form asked, but gave them in the following modified form:

4th. If the jury find from the evidence, that the point where plaintiff was injured was a dangerous one, and that he had warning of this either from the agents of the defendants, or by his own common sense, and notwithstanding such warning plaintiff continued in such dangerous place, at a time or a moment when such act was hazardous, and he *ought* to have been elsewhere, *after the duty of his immediate employment or service had ceased, and consistent with that employment,* the risk was his own, and his act contributed to his injury, and he cannot recover.

6th. A party entering into the employment of another takes upon himself the natural and ordinary risks of such an employment, be it extra-hazardous or not.

The defendant also requested the court to instruct the jury as follows:

7th. The court instructs the jury that under the pleading and evidence in this case the plaintiff cannot recover, and the jury must find for the defendant.

This instruction was refused.

The other facts sufficiently appear in the opinion.

*Messrs. Williams & Young,* for appellant.

A nonsuit should have been granted: *Louisville R. R. Co.* v. *Orr,* 8 Am. and Eng. R. R. Cases, 94; *Umbach* v. *Lake Shore and C. R. R.,* 8 Am. and Eng. R. R. Cases, 99; Thompson on Negligence, sec. 1008, 1009; *More* v. *Minn. & St. Paul R'y Co.,* 11 Am. and Eng. R. R. Cases, 172; *Mo. Pac. R'y Co.* v. *Lyde,* 9 Am. and Eng. R. R. Cases, 190; *Galveston R'y Co.* v. *Lempe,* 11 Am. and Eng. R. R. Cases, 201; *Greenleaf* v. *Ill. Cen. R. R. Co.,* 4 Am. Reps. 184; 2 Thompson on Neg., secs. 1015, 1016, 1018, 1019; *Kansas Pac. R'y. Co.* v. *Peavy,* 11 Am. and Eng. R. R. Cases, 269; *Dillon* v. *Union Pacific R'y Co.,* 3 Dillon C. C. Reps. 321, note and authorities there cited; *Loring* v. *N. Y. C. R. R. Co.,* 49 N. Y. 524; *Jones* v. *Railroad Co.,* 95 U. S. S. C. 439; *McGlyn* v. *Brodie,* 31 Cal. 377; *Michigan Central R. R. Co.* v. *Austin,* 40 Mich. 247.

The evidence was insufficient to justify the verdict: *Kelly v. Silvers Springs Co.*, 34 Am. R. 615. ·

The damages are excessive: *Kansas Pac. R'y* v. *Peavy*, 9 Am. and Eng. R'y Cases 269; *R. R. Co.* v. *Young*, 8 Kansas 659; *H. & J. C. R. R. Co.* v. *Buck*, 9 A. and E. R. R Cases 369; *Union Pacific R. C.* v. *Hurd*, 7 Kansas 390; *C. & R. R. Co.* v. *Jackson*, 1 Am. R'y Cases 571.

The instructions given by the court on its own motion and at request of plaintiff were erroneous: 1 Wharton on Negligence 1; *Ince* v. *East Boston Ferry Co.* 106 Mass. 149.

*Mr. Arthur Brown*, for respondent.

No notice is required to be given of defective machinery to the employer; it is the duty of the employer to exercise reasonable care and prudence in seeing that his machinery is perfect. If he fails to do this, and the machinery is imperfect, although without actual notice to him of the defect, he is liable to his employees: *Patterson* v. *R. R. Co.*, 76 Pa. St. 389; S. C. 18 Am. Rep. 412; *Noyes* v. *Smith*, 28 Vt. 59; *Huff* v. *R. R. Co.*, 100 U. S., 215; Cooley on Torts, 556 and other cases there cited.

The doctrine of contributory negligence does not apply to injuries received by an employee through the defective machinery of the employer: *Snow* v. *R. R. Co.*, 8 Allen, 441; *Ills. Cen. R. R. Co.* v. *Welsh*, 52 Ill., 183; Cooley on Torts, 557-8, and notes.

2. The doctrine of contributory negligence is a question for the jury, in every case where the negligence does not arise as a matter of necessity from the facts admitted or proven, and is to be determined by inferences from the conduct of persons in trying or dangerous situations. If it involves a question of fact, of prudence, or duty, or danger, or belief, or opinion,—then the jury are to judge whether the party injured had such belief, opinion, fear, etc., and it is a question of fact for the jury even though the elements and outside observable facts are admitted or proven: *R. R. Co.* v. *Stout*, 17 Wall., 657; *Huff* v. *R. R. Co.*, 100 U. S., 215; *Lanning* v. *N. Y. Cen. R. R.*

*Co.*, 49 N. Y., 521; *Ford* v. *R. R. Co.*, 110 Mass., 261; *Snow* v. *R. R. Co.*, 8 Allen, 441.

3.    Mere knowledge on the part of an employee that the work is dangerous, or that prior accidents have happened, that the employer is negligent, and that some of his machinery is defective, is not sufficient to charge him with negligence, for defects in the machinery of which he did not have actual notice. I refer to the cases above cited; also 2 Thompson on Negligence, sec. 1010; *Hudelston* v. *Lowell M. Shop*, 106 Mass., 282; 59 N. Y., 517; 53 N. Y., 551; 73 N. Y., 40.

The burden of proving contributory negligence is upon the defendant: 100 U. S. Rep., 225.

The specifications of error are too general: *Danielson* v. *Dyckman*, 25 Mich.; *Lincoln* v. *Claflin*, 7 Wall., 138; *Hawkins* v. *Abbott*, 40 Cal., 639; 3 Estee 300, 363, 365, 27 Cal., 376, 408; *Estey* v. *Larsh*, 21 Ind., 183; *Peck* v. *Hensley*, 21 Ind., 344.

As to instructions given and refused, see Cooley on Torts, p. 555; 8 Allen, 441; *R. R. Co.* v. *Welsh*, 52 Ill.

The damages in the case were not excessive: 55 Ill., 493.

To render damages excessive it must appear that the jury were misled by passion, prejudice or ignorance: 3 Sutherland on Dam. 730; *Corcoran* v. *Harran*, 55 Wis., 120.


BOREMAN, J.:

The respondent, who was plaintiff below, brought an action in the first district court, against the appellant for personal injuries received in a coal mine owned and worked by the appellant. The injuries consisted of the cutting and maiming of the respondent's right foot, by coal cars, necessitating amputation. The damages were laid at fifty thousand dollars. Answer having been filed denying the allegations of the complaint, a trial was had before a jury, resulting in a verdict and judgment in favor of the respondent for ten thousand dollars damages. At the close of the evidence for the respondent, the appellant had made its motion for a non-suit, which was by the court overruled

After verdict and judgment, the appellant moved for a new trial, which was also overruled.    Thereupon, the case was brought to this court by appeal from the judgment and from the order overruling the motion for a new trial.

1.    The principal ground urged by the appellant for a reversal of the order and judgment of the court below, is the alleged insufficiency of the evidence to justify the verdict.

(*a*)    Under this head it is claimed that the evidence failed to show that the accident resulted from the fault or negligence of the appellant. It appears, and did so appear, when the motion for a non-suit was made, that the accident was caused by the breaking of the car-couplings and consequent falling of the cars upon the respondent's foot; that the couplings, the links and draw-bar, broke, because of the defective or imperfect character of the iron of which they were made, and that the company, the appellant, had knowledge of the imperfection of the iron.    The attention of the superintendent was called to it.    He had charge of all the materials and works at the mine, and under him all employees labored.    To the workmen he was the mouthpiece, the representative of the company: *Beeson* v. *Green Mountain M. Co.*, 57 Cal., 20; *C. M. and St. P. R. Co.* v. *Ross*, 112 U. S., 377.

The position of the appellant, is, therefore, untenable on this point, as the evidence did not fail to show that the accident resulted from the fault or negligence of the appellant.

(*b*)    The second reason offered to show the insufficiency of the evidence, namely: that the respondent, when the accident occurred, knew or had the means of knowing, and ought to have known, of the defects in the couplings, seems likewise, untenable.    The respondent, as a witness, says that he knew nothing of the imperfect character of the couplings, and no such knowledge is brought home to him by any other evidence; nor does anything appear to indicate that in the nature of things he ought to have known of it.    The law makes it incumbent upon a workman to know whatever is embraced within his special line of employment, but it is not required of him that he should

know those things which belong wholly to another and different branch of service. If it had come within his line of duty in his occupation to have examined into the structure and nature of the couplings and of the iron composing them, there might be some reason for holding him responsible for not knowing of the defects therein. But his duties were far different, and did not require or authorize him to have anything whatever to do with the couplings. He was employed as track-fixer, and to assist in replacing upon the track the cars which should get off at the curve in the roadway: *Ill. C. R. R. Co.* v. *Weld*, 52 Ill., 183; *Noyes* v. *Smith*, 28 Vt., 59.

Beyond this, when the respondent entered into the service of the company, he took upon himself the natural and ordinary risks and perils incident to the performance of his services, but he never engaged to risk the perils of imperfect material and burnt iron, knowingly used by the company. It was the duty of the company to exercise reasonable and ordinary diligence to furnish sound material and machinery, and not to use such as were unsound and imperfect, after the defects had been brought to its knowledge. The respondent had the right to presume that the company had used such diligence: *Beeson* v. *Green Mountain Co.*, 57 Cal., 20.

This being a case where defective material caused the injury, the rule which exempts the master from liability for an injury to a servant, caused by the negligence of a fellow servant, does not apply. The negligence is that of the company, and not of a fellow servant: *Trask* v. *Cal. S. R. R. Co.*, 63 Cal., 96; *Hough* v. *Railway Co.*, 100 U. S., 213.

(*c*) It is urged that the evidence shows negligence in the respondent himself, and that his negligence contributed to produce the injury. It is a well settled rule that in such a case as the one before us, if the party seeking relief was negligent, and such negligence amounted to an absence of ordinary care, and directly, immediately or proximately contributed to the injury, relief would be denied: *Strong* v. *St. P. R. R. Co.*, 61 Cal., 326. But, according to this rule, nothing that the respondent did, at the time of the

accident, so far as appears by the evidence, would relieve the appellant of its responsibility. The respondent had been called from his work as track-fixer, to go to the other (the west) side of the track, and help to replace a car upon the track. After this was done, his other duties required him to re-cross the track to the east side. The facts, so far as they appear, tend to show that he was taking a step in the direction of the east side. Whether he had started across too soon, or not soon enough, or at all, does not appear. His duties had called him to the place where he was hurt. If he was negligent in staying or getting away from that point, the burden of showing it devolved upon the appellant. Where the facts proved by a plaintiff do not, upon their face, show negligence in the plaintiffs, the opposite party, if he relies upon the fact of negligence, must show it: *Robinson* v. *U. P. R. R. Co.*, 48 Cal., 409; 426; *McQuilken* v. *C. P. R. Co.*, 50 Cal., 7; *McDougall* v. *C. P. R. Co.*, 63 Cal., 431. But this is not a question for the court. Whether the defendant was negligent or not, and whether his negligence, if any existed, directly or proximately contributed to the injury, were questions for the jury under instructions of the court; and such matters cannot be taken from the jury unless the facts are clearly settled and the course which common prudence would dictate can readily be discerned. Negligence is generally a mixed question of law and fact, and sometimes, although all the facts are admitted, the question arises whether the act imputed as negligence was such as persons of ordinary prudence would have performed under the circumstances, and, unless the question is clear of all doubt, it is the duty of the court to leave it with the jury, and not to disturb their finding: *Fernandez* v. *S. P. R. Co.*, 52 Cal., 45; *Jamison* v. *S. J. and S. C. R. R. Co.*, 55 Cal., 593; *Nehrbas* v. *C. P. R. R. Co.*, 62 Cal., 320; *Davis* v. *U. S. R. R. Co.*, 3 Utah, 218.

In the case under consideration, if the facts were all admitted, the question of negligence would probably have to be settled by inference from them; and in that event, the jury, and not the court, should pass upon it. The court could take the question from the jury only in case the

course which common prudence would dictate be plain and clear: *Chidester* v. *Con. Ditch Co.*, 59 Cal., 197; *McKever* v. *Market St. R. R. Co.*, 59 Cal., 294, 300.

But further, if the question were a proper one for the court, and the evidence for the respondent, instead of greatly preponderating, were only sufficient to enable the court to find that there was a substantial conflict of evidence, the verdict and judgment could not be set aside: *Newton* v. *Brown*, 2 Utah, 126; *Davis* v. *Utah S. R. R. Co.*, 3 Utah, 218; 59 Cal., 294.

2. It is alleged that the damages were excessive. The respondent is a young man, only twenty-four years of age at the time of the accident. The injury has unfitted him from pursuing his calling. If the amount of the verdict, ten thousand dollars, were loaned out, it would bring at legal interest, about the sum which he would have been able to have earned, at his usual vocation, had the accident not occurred. Taking these facts into consideration, together with the great physical suffering produced by the injury, we are led to believe that the damages were not excessive. Certain it is that the jury had some evidence upon which to base their verdict, and there does not appear to have been anything in the case to show that the verdict was the result of passion or prejudice, nor for a sum greatly disproportionate to the injury.

3. As a third ground of reversing the judgment, the appellant assigns that the jury disregarded and disobeyed the instructions of the court. We are unable to see wherein the jury did so, nor have we any reason to believe that they failed to give the instructions proper regard and obedience. Considering the evidence in connection with the instructions, we do not see that the verdict is antagonistic to the instructions.

4. The denial of the motion for non-suit, is assigned as error. The court would not have been justified in sustaining the motion, unless the misconduct of the respondent had appeared so clear that the court could have seen that a verdict in his favor would necessarily have to be set aside: *Shierhold* v. *N. B. & M. R. R. Co.*, 40 Cal., 447. The evidence in the case does not show that the court

could have seen such a result. The facts proven prior to the motion would have sustained a judgment for the respondent. It was not error, therefore, to overrule the motion.

5. It is alleged that the court erred in its giving and in its refusing instructions. The assignments in this regard are somewhat general, and in some respects entirely too general. It is not sufficiently specific to say that 'the court erred in giving to the jury the said instructions which it did give of its own motion." Part of the charge is directed by statute. If the charge were bad in part it would not be our province to examine it under such assignment of error. However, from what we have said before, bearing upon the points raised in the instructions, it will be seen that we find no error in the giving of certain instructions and in refusing others. It would certainly have been erroneous to have given the fourth and sixth instructions as requested by the appellant. Their modification was essential to a correct presentation of the law. Had the court retained the word "could" in the fourth instruction so asked, it would have been a virtual impossibility for the respondent, no matter how free from negligence or blame, to have recovered a verdict in the case, because to have done so, it would have been necessary for the jury to have found, that it was not possible for the respondent to have been elsewhere at the time of the accident. This the jury could not have done, for as a fact it was possible for the respondent to have been elsewhere, even out of the mine. Bare possibilities should not control in such a case, they make a recovery an impossibility in any case, no matter what the merits of the case might be. Substituting the word "ought" for "could" changes the whole purport of the instruction, and puts it in accord with what we believe to be the law, at least it makes the statement fully strong enough. If in the discharge of his duties or in accordance therewith, the respondent ought to have been elsewhere, he should not have recovered. The change in the wording of the instruction brought it within the proper rule.

It was not error to strike from the sixth instruction asked by the appellant, the latter part thereof. To have retained it would have made the instruction misleading and erroneous. It would have left out of the question entirely the fact that the "means of knowledge" were by law confined to the line of his employment.

The charge of the court, including the instructions asked and given, taken together, gave the law fairly and correctly to the jury, as we view it. Upon the whole case we find no ground whereon to base a reversal of the decision of the court below. The judgment and order of the court below are affirmed.

ZANE, C. J., and EMERSON, J., concurred.