## JAMES TRIHAY, RESPONDENT, v. BROOKLYN LEAD MINING COMPANY, APPELLANT.

MASTER AND SERVANT—NEGLIGENCE.—The employer must furnish to the servant a safe and proper place in which to prosecute his work, so far as he is able to do so by the exercise of ordinary care and diligence. This duty he cannot delegate to an agent or servant so as to escape responsibility to another, who has been injured by his non-performance. The degree of care exacted of the employer is in proportion to the hazards of the employment in which his servants are engaged.

ID.—ASSUMPTION OF RISKS BY SERVANT.—The servant by his contract of employment takes upon himself only the risks incident to the employment. He does not agree to take extraordinary risks arising from the negligence of the employer, which have not been called to his attention.

ID.—FACTS SHOWING NEGLIGENCE—NON-SUIT.—Plaintiff worked for defendant as a timberman in its mine. The evidence tended to show that it was necessary to closely timber the mine at the point where the accident occurred, in order to make it safe, and that this was not done; that the foreman of the defendant exercised control of the timbering, and the plaintiff simply carried out the foreman's instructions, and relied upon his judgment and directions; that he had never been in, and knew nothing of the place where the accident occurred; that his attention was not called to the danger, and that the foreman knew of it, and that he executed his work with due care; *held*, that a motion for a non-suit was properly denied.

ID.—TIMBERMAN IN MINE—INSTRUCTION OF CONTRIBUTORY NEGLIGENCE.—An instruction that a timberman in a mine takes all the usual and ordinary risks of the work which arise out of the nature of the business, but that the employer could not shift to the servant the whole duty of providing for his safety, but that it was the duty of the servant to be vigilant and careful in his own behalf, and to use a degree of care proportioned to the degree of danger in the ordinary discharge of his duties, and that if by omitting to use ordinary care, he contributed to the injury, he could not recover; *held*, to correctly state the law.

ID.—FELLOW-SERVANT.—A foreman who has full charge of a mine and control of the employees in the mine is not a fellow-servant with a timberman in the mine—following *Cunningham* v. *U. P. R'y Co.*, ante p. 206.

TRIAL—NON-SUIT.—The jury are the proper judges of the fact, and where the evidence introduced has a legal tendency to make out a proper case in all its parts, then, although it may in the opinion of the trial court, or of the appellate court, be slight, inconclusive, and far from satisfactory, yet it should be submitted to the jury—following *Cunningham* v. *U. P. R'y Co.* ante p. 206.

Appeal from a judgment of the district court of the third district, and from an order refusing a new trial. The facts, except the following, are stated in the opinion of the court:

The charge of the court to the jury was as follows:

"1. Gentlemen of the jury: The court charges you that the employer owes to his servant the duty of furnishing him a safe and proper place in which to prosecute his work, so far as he is able to do so by the exercise of ordinary care and diligence. This duty he cannot delegate to an agent or servant of any grade so as to excuse himself, or so as to escape responsibility to another, who has been injured by his non-performance. If the master has not done everything which in the exercise of reasonable and ordinary care and prudence he ought to have done—if he has omitted any precaution which a prudent and careful man would have taken, or ought to have taken, to protect his employees from injury, he is guilty of negligence.

2. The degree of care exacted of the employer is in proportion to the hazards or perils of the service in which his servants are engaged. The more hazardous the employment the more watchful and careful should the master be to guard against the danger or injury to his servants through insecurity or want of safety in the premises in which his servants are required to prosecute their work.

3. Negligence on the part of the defendant and injury resulting therefrom to the plaintiff being shown and nothing further appearing the presumption is that plaintiff exercised proper care.

The burden is upon the defendant to establish contributory negligence on the part of the plaintiff.

Before you can find plaintiff guilty of contributory negligence you must be satisfied from the preponderance of the evidence that he failed to observe that degree of care and caution that an ordinary timberman would have observed under the circumstances which surrounded him at the time.

4. You are instructed that a man who enters the service

of a mining company engaged in exploring the earth for metals and minerals, assumes all the ordinary perils and hazards of his occupation. He does not, however, assume any risk arising from the negligence of his employer, and if the employer orders him into a dangerous place to perform work which was known, or ought to have been known to his employer to be dangerous, and the servant relying on the knowledge and judgment of his employer and having a right so to rely, enters into obedience to orders, and after entry is injured by falling debris, he would not be guilty of contributory negligence in so obeying his orders, unless the hazard was so apparent as to excite the fears of an ordinarily prudent person in such service exercising due care.

5. If you believe from the evidence that at the time the plaintiff was directed into the black stope to timber the same, that the said stope was dangerous and the ground on the hanging wall side was heavy and liable to fall, and that the defendant had permitted the work of excavation in said stope to progress without timbering and securing the same for a longer time than it should have done in the exercise of proper care, and that the said stope became dangerous because of the failure to so timber and secure it; and that the defendant by its foreman knew or by ordinary care might have known the condition of said stope, I instruct you that it was the duty of the defendant, by its foreman, to have warned the plaintiff against the danger.

And if, under such circumstances, the foreman assumed the duty of directing the work and told the plaintiff what to do in the way of timbering, and as a part of his direction ordered the plaintiff into a dangerous place to do the work the plaintiff would not necessarily be guilty of contributory negligence in obeying the orders of the superior.

If in the judgment of the jury the plaintiff as a reasonable man was justified in relying on the skill and judgment of the foreman, and the danger was not so apparent as to excite the fears of an ordinarily prudent man engaged in that service, and plaintiff did not know of the danger,

or that it was imminent, you would be at liberty to find he exercised due care."

The remainder of the charge, except formal parts, is given in the opinion. The defendant asked for the following instructions:

"If you find the superintendent of the mine directed the plaintiff where to set timbers and the manner in which to do it, and the danger or risk in so doing was equally visible to the plaintiff and said superintendent, such direction, though pursued, does not make the defendant liable or change the relations of the parties; and it was still the duty of the plaintiff to use care for his own protection, and he assumed all ordinary risks, and all dangers, ordinary and extraordinary, developed by his work.

This is in substance an action for negligence, and to entitle him to recover the plaintiff must show by a preponderance of the evidence that the injury was caused by the negligence of the defendant; also, that there was not negligence on his part, which in any material degree contributed to his injury."

These two instructions were refused by the court.

The facts in the case so far as they are involved in the argument at the bar are embraced in the opinion.

*Messrs. Bennett, Harkness & Kirkpatrick*, for appellant.

Cited the following authorities as to the motion for nonsuit: Beach on Contr. Negl., secs. 133, 136, 137, 138, 139, 140, 99, 102, 123, 126; *Bunt* v. *Sierra Buttes Mg. Co.*, 7 West C. Repr., 437; *Russell* v. *Tillottson*, 2 East Repr., 720; *Williams* v. *Churchill*, 137 Mass., 243; *McGlynn* v. *Brodie*, 31 Cal., 377; *Leary* v. *Boston &c. R. R Co.*, 139 Mass., 580, 584; *Schofield* v. *Chicago &c. R. R. Co.*, 114 U. S., 615; *Railroad Co.* v. *Aspell*, 23 Pa. St., 147; *Aldridge* v. *Midland Co.*, 78 Mo., 559; *Railroad Co.* v. *Barber*, 5 Ohio St., 541, 565-6; *Hulett* v. *Railroad Co.*, 67 Mo., 239; *Toledo R. R. Co.* v. *Asbury*, 84 Ill., 429; *Chicago &c. R. R. Co.* v. *Ward*, 61 Ill., 130; *Hayden* v. *Smithville Mf. Co.*, 29 Conn., 548; *Sweeney* v. *C. P. R. R.*

*Co.*, 57 Cal., 15; *Clark* v. *Boston & A. R. R. Co.*, 128 Mass., 1; *Gildersleve* v. *R. R. Co.*, 33 Mich., 133; *Mildowney* v. *Illinois R. R. Co.*, 39 Iowa, 615; 2 Thompson Negl., p. 1008-9; *Randall* v. *Baltimore &c. R. R. Co.*, 109 U. S., 478; *Cunningham* v. *Chicago &c. R. R. Co.*, 5 McCrary, 465; *Hurst* v. *Burnside*, 8 W. C. R., 449-50; *Lopez* v. *Central Mg. Co.*, 1 W. C. R., 41; *O'Rorke* v. *U. P. R'y Co.*, 4 W. C. R., 203; *Armour* v. *Hahn*, 111 U. S., 313; *Ladd* v. *New Bedford R. R. Co.*, 119 Mass., 412; S. C. 20 Am. R., 331; *Murphy* v. *Boston & A. R. R. Co.*, 88 N. Y., 146.

Also as bearing upon the instructions the following authorities: *Schofield* v. *Chicago etc. R. R. Co.*, 114 U. S., 615; 14 Wall., 448, 98 U. S., 284, *Pleasants* v. *Faut*, 22 Wall., 116; Beach Contributory Negligence, 456-7, and note, 361-3; *Randall* v. *Baltimore etc. R. R. Co.*, 109 U. S., 478; also 61 Ill., 130; 31 Cal., 377; 2 Thompson on Negligence, 1008-9; 5 Ohio St., 541; 78 Mo., 559; *Murry* v. *Silver City R. R. Co.*, 9 West Coast Rep., 136.

*Messrs. Dickson & Varian*, for respondent.

The court properly left the question of contributory negligence to the jury: 2 Thompson on Negligence, 1011-15, 960-7; *Stout* v. *Railway Co.*, 17 Wall., 657; *R'y Company* v. *Van Steinburg*, 47 Am. Rep., 186; *Combs* v. *New Bedford Cordage Co.*, 102 Mass., 583; 35 N. Y., 38; *Ireland* v. *Plank Road Company*, 13 N. Y., 533; 52 Cal., 52; See note: Am. and Eng. R. R. Cases, vol. 2, p. 17-18; *Johnson* v. *R. R. Co.*, 1 Am. and Eng. R. R. Cases, 155; *R. R. Co.* v. *Elliott* (98 Ill.), 4 A. and E. R. R. Cases, 651; *Wilson* v. *S. P. R. R. Co.*, 7 A. and E. R. R. Cases, 401; 19 Am. and Eng. R. R. Cases, 281-296, 312-372.

The charge is fair and impartial and covers the whole case. It is settled law in this jurisdiction that contributory negligence is a defense and must be proven by preponderating evidence. Reason and the authorities also hold, that the master should be held to, at least, an ordinary degree of care in providing safe and proper places for his workmen: *R. R. Co.* v. *Gladding*, 15 Wall.; *R. R.*

*Co.* v. *Horst*, 93 U. S., 298: *R. R. Co.* v. *Clark*, 19 A. and E. R. R. Cases, 347.

Generally, in support of the above proposition we cite: *R. R. Co.* v. *Hough*, 100 U. S., 213; 2 Thompson Neg., 961, 975, 976, 981, et seq.: *Hackell* v. *M'f'g Co.*, 101 Mass., 102; *Flike* v. *R. R. Co.*, 53 N. Y., 549; *Coombs* v. *New Bedford Co.*, 102 Mass., 572; *Pautzer* v. *Tilly Iron M'f'g Co.*, 99 N. Y., 368; 62 Mo., 230.

POWERS, J.:

This is a case in which the plaintiff recovered damages in the lower court, arising from the alleged negligence of his employer. In his complaint he alleged "that the defendant is a corporation, doing business, and having its principal place of business, in the territory of Utah; that the defendant, on the twenty-eighth day of August, 1885, was, and for a long time prior thereto had been, engaged in mining in Bingham mining district, in said territory, and was, and had been, as aforesaid, there working and operating the Brooklyn mine; that on said day, and for a long time prior thereto, the defendant employed, and had in its service, a large number of miners, timber-men, and others, engaged in sinking shafts, running drifts, stopes, and inclines, and excavating and removing earth, ore, and rock; that the plaintiff, on the last day aforesaid, and prior thereto, was employed by and in the service of the said defendant as a timber-man, and in the said service was required to enter newly-worked drifts, stopes, and ground for the purpose of securing the same with braces and timbers, for the protection of said mine, and the security of the officers and servants of defendant." It is further alleged that "on the twenty-eighth of August, 1885, and for some weeks prior thereto, the defendant, by its servants and employees, was, and had been, working and excavating in a certain stope on or under the underground level of said mine, known as the '1100-foot level;' that the ground in which said work was had was very heavy and dangerous, and, in order to secure the same from falling and caving in, it was necessary that the same should be

braced and timbered as fast as the excavation progressed, and it was the duty of said defendant to cause said stope to be so braced and timbered as the said work of excavation progressed." It is further alleged "that on the twenty-seventh day of August, 1885, and during all the night of said day, and the morning of said twenty-eighth of August, the defendant caused said stope of said mine to be worked and excavated, and large quantities of earth and rock to be removed therefrom." It is further alleged that "the defendant negligently and carelessly, and in violation of its duty in that behalf, failed to cause said stope to be braced and timbered when it had been newly worked; and negligently and carelessly, and in violation of its duty in that behalf, suffered and permitted the same to remain in an unsafe and dangerous condition; that on the said twenty-eighth day of August, A. D. 1885, while said stope was unsafe, and in the condition aforesaid, the plaintiff was required and directed by the defendant to enter said stope, and to brace and timber the same; and thereupon the plaintiff, having no knowledge of the dangerous and unsafe condition thereof, did enter the same, for the purpose of timbering and bracing aforesaid, in accordance with the directions of the defendant, and immediately large quantities of earth and rock fell down from the upper part of said stope, and upon plaintiff," and he sustained the injuries complained of.

The answer of defendant, among other things, denies the alleged negligence of defendant, and alleges that said stope was not dangerous to timber and secure, with the exercise of ordinary care in the business of timbering; and that plaintiff had full knowledge of the condition of said stope, and the ground thereof, before he entered the same; and that the injuries received by him in said stope were wholly caused by his own negligence in the performance of his duties, and by his negligence in proceeding with the work of timbering said stope, and not from any negligence or want of care of the defendant.

The plaintiff was a timber-man, and on the morning of the twenty-eighth of August, while he was engaged in his duties in the stope, on the 1100-foot level, a block of

lead fell upon him from the side of the stope, causing the injuries complained of.

Upon the conclusion of the plaintiff's testimony the defendant moved for a non-suit on the following grounds: (1) The testimony shows no negligence on the part of the defendant. (2) If there was any negligence on the part of defendant, there was such contributory negligence on the part of the plaintiff as to preclude a recovery. (3) If there was any negligence, it was that of fellow-servants of the plaintiff. (4) If the direction of the foreman contributed to the accident, no such cause of action is alleged in the complaint.

Among the errors assigned is the overruling of this motion by the court.

We think the motion for a non-suit was properly overruled. There was evidence tending to establish the fact that it was necessary to closely timber the mine at the point where the accident occurred, in order to make it safe, and that this was not done; that the foreman exercised control of the timbering, and that the plaintiff only carried out his instructions; that the plaintiff relied upon the foreman's judgment and direction in doing the work; that he had never been in the stope where the accident occurred, and did not know that it was dangerous ground; that his attention was not called to the fact that the ground had become extra-dangerous through neglect in timbering; that he executed his work with due care; that the ground was very dangerous, and known to be by the foreman. These facts legitimately tended to establish the plaintiff's case, and they were proper to go to the jury.

But it is contended that the plaintiff undertook, for an extra compensation, to perform a hazardous service. That is true, but he only contracted to take upon himself the risks incident to the employment. He did not agree to take extraordinary risks, growing out of the negligence of the company, and to which it had not called his attention. The employer owes to his servant the duty of furnishing him a safe and proper place in which to prosecute his work, so far as he is able to do so by the exercise of ordinary care and diligence. This duty he cannot delegate to

an agent or servant, so as to excuse himself, or so as to escape responsibility to another, who has been injured by his non-performance. The degree of care exacted of the employer is in proportion to the hazards and perils of the service in which his servants are engaged. The more hazardous the employment, the more watchful and careful should the master be to guard against the danger or injury to his servants through insecurity or want of safety in the premises in which his servants are required to prosecute their work. The court, in this case, left the question of negligence, and of the want of due care, on the part of both parties, clearly and properly to the jury.

Among other things, the court charged the jury that—

"In determining whether or not there was negligence on the part of the defendant, or on the part of the plaintiff and defendant, it is proper to consider various things, so far as they are shown by the evidence—such as whether the injury was the result of accident incident to the business, and occurring without negligence on the part of the defendant; the time when, and the manner in which, the danger was developed; the length of time it had existed; whether or not it was visible to either or both parties, or could, by reasonable care, have been discovered by either or both parties; the relative opportunity and duty of each party to discover the danger; and the relative and respective duties of the parties to guard against or remove the dangers when known, if it was known at all.

"A timber-man in a mine takes all the usual and ordinary risks of the work which arise out of the nature of the business, and are likely to happen in the performance of his duties, and such risks are deemed included in the agreed rate of his compensation for his services; and, if you find that the plaintiff was injured only by the ordinary risk of his employment, the defendant is not liable for the injury. The plaintiff could not shift to the defendant the whole duty of providing for his safety, but it was his duty to be vigilant and careful in his own behalf, and to use a degree of care proportioned to the degree of danger in the ordinary discharge of his duties; and if you find the injury is the result of his failure to use

ordinary care, or that by omitting to use ordinary care he contributed in any material degree to the injury, the defendant is not liable. If you find that the liability of the rock which hurt the plaintiff to fall was not visible on inspection, and could not, with reasonable care, have been observed, the defendant is not liable.

If you find that the rock which caused the injury was loosened, and fell in consequence of the plaintiff's work in preparing to set timbers, the defendant is not liable. If you find that the danger of said rock falling arose from recent excavation of the ground in the ordinary course of mining, and that such danger was visible, and that the defendant did not know of the danger, and sufficient time had not elapsed so that, by ordinary care and inspection, the defendant should have ascertained the danger, the defendant is not liable. If the danger to which the plaintiff was exposed was visible, and was equally visible to the plaintiff and defendant, and in the ordinary course of his duties the plaintiff had opportunity equal or superior to that of the defendant to ascertain the danger, and failed to do so, or, knowing the danger, omitted to guard against it, the defendant is not liable.

If you find that the plaintiff's duties, as timber-man, were to follow up the miners, and timber such ground as needed timbering, then the nature of the employment implied that ground which needed timbers was unsafe or likely to fall or cave without timbers, and the plaintiff assumed all the ordinary risks of the work, and of timbering ground from time to time opened; and the defendant is not liable unless the injury to the plaintiff resulted from an unusual danger, known to and concealed by defendant, or which the defendant should have known and disclosed, and at the same time unknown to the plaintiff, and not discoverable by him by the use of ordinary care; and if you find that the foreman, Legg, told the plaintiff, shortly before the accident, to brace the rock which fell, such direction was notice that he considered it unsafe without such bracing, and your verdict should be for the defendant.

The plaintiff alleges in his complaint, and it is admitted

to be the fact in this case, that on the twenty-eighth of August, 1885, when he was injured, and prior thereto, he was employed by, and was in the service of, the defendant, the Brooklyn Lead Mining Company, in the capacity of a timber-man; and that in the said employment it was his duty to enter newly-worked drifts, stopes, and ground, for the purpose of securing the same with braces and timbers, for the protection of the mine, and the security of the employees of the defendant; and you are instructed that the plaintiff assumed all the ordinary risks and dangers incident to his said employment; and if you find that the injury to the plaintiff resulted from such ordinary risks or dangers, the defendant is not liable.

A servant or employee must possess a fair measure of skill for the service he undertakes, and he should inform himself of the duties and dangers peculiar to his work. It is his duty to go about his work with his eyes open. He may not wait to be told to use care for his safety. He must act affirmatively, and use ordinary care to learn the dangers which are likely to beset him in the service. He must not go blindly and heedlessly to his work, when there is danger. He must use care to inform himself. He is held by his contract of hiring to assume the risks of injury from the ordinary dangers of the employment; that is to say, from such dangers as are known to him, or are discernible by the exercise of ordinary care on his part, and such as are incident to the work, though unknown, and not discernible. If he knew the danger, or, by ordinary care on his part, he could have discovered it, the employer is not liable for injury resulting therefrom; and if you find that the injury to the plaintiff resulted from a danger incident to his employment as timber-man, and that such danger was either known to him, or by the exercise of ordinary care on his part, he could have discovered it, the defendant is not liable, and your verdict should be for the defendant.

If you believe, from the evidence, that when the foreman, Legg, and the plaintiff were in the stope together, on the twenty-eighth of August, a short time before the accident, Legg called the plaintiff's attention to the shat-

tered or loose condition of the rock inside of the stope, from which the rock subsequently fell on the plaintiff, and directed or suggested to the plaintiff that he had better put in a brace to hold up and secure said rock while he was engaged in timbering the stope, and that plaintiff neglected to do this, then your verdict must be for the defendant.

"If you find, from the evidence, that just before the accident to the plaintiff, on the twenty-eighth of August, McLauren, the miner who was working in the stope with Johnson, called the attention of the plaintiff, Trihay, to the shattered or loose condition of the rock in the side of the stope, and suggested that he, the plaintiff, should either brace up said rock or take it down before he began to timber said stope, and that plaintiff neglected to do so, he assumed the risk of his work, and your verdict must be for the defendant.

"If you believe, from the evidence, that the plaintiff, Trihay, at and before the time of the accident, on the twenty-eighth of August, either knew, or, by the exercise of ordinary care and diligence, could have known, of the shattered and unsafe condition of the rock in the side of the stope at or near the places where he was engaged in putting in the stull, which rock subsequently fell on him, and that he neglected to take any precautions against the danger of its falling while he was so engaged, your verdict should be for the defendant.

"If the jury believe, from the evidence, that the injury to the plaintiff, Trihay, was alone the result of the carelessness or negligence of the timber-man, McGivney, or of the miners on the night-shift in the black stope, or of the miners Johnson and McLauren, or either of them, then they are the fellow-servants of the plaintiff, and the defendant is not liable to the plaintiff for such negligence."

This charge certainly protected the defendant in all its rights, and left the case squarely to the jury, as a question of fact. That the case was properly left to the jury we have no doubt. In the case of *Cunningham* v. *Union Pac. R'y Co.*, ante p. 206, which, we think, rules this case, we

said: "In this case there was evidence from which negligence upon the part of the defendant might be inferred. At least, there was sufficient to submit to the jury. The coal which fell was left overhanging the gangway some three feet. This the foreman of the mine knew, but he took no steps to remove it, or to protect it by timbers. He was aware that coal hanging from the roof, while it might seem safe one moment, was liable to fall the next. It was his business to report the condition of the mine from day to day to the superintendent, and it will be presumed that he did his duty. It was therefore proper for the jury, in view of all the facts, to find whether the defendant had been negligent or not. Under our system of jurisprudence, it is the province of the jury to pass upon the facts. It is not only their privilege, but their right, to judge of the sufficiency of the evidence introduced, to establish any one or more facts in the case on trial. The credibility of the witnesses, the strength of their testimony, its tendency, and the proper weight to give to it, are matters peculiarly within their province. The law has constituted them the proper tribunal for the determination of such questions. To take from them this right is to usurp a power not given. The jury should be left free to act upon questions of fact. When there is a total defect of evidence as to any essential fact, or a spark —a '*scintilla*,' as it is termed—the case should be withdrawn from the consideration of the jury. When, however, the evidence introduced has a legal tendency to make out a proper case in all its parts, then, although it may, in the opinion of the trial court, or the appellate court, be slight, inconclusive, and far from satisfactory, yet it should be submitted to the jury, whose proper province it is to consider and determine its tendency and weight." In the same case we also said: "Another point is made; that, if negligence was the cause of the injury, it was the negligence of the foreman, a fellow-servant of the plaintiff. The foreman had the entire charge and superintendence of the mine underground. Notice to him was notice to the company. . . . It being the defendant's duty to exercise reasonable diligence in keeping the gangway in a safe

condition, it could not absolve itself of that duty by delegating it to others."

As we have suggested, we are of the opinion that the case to which we have referred rules this, and disposes of the questions raised. Counsel for respondent argued, with ability, that this court has no jurisdiction to review and pass upon the evidence, or the sufficiency thereof, because, under section 1 of article 7 of amendments to the constitution, it cannot re-examine any fact tried by a jury. It not being necessary for us in disposing of this case to determine this question, we express no opinion thereon.

Judgment must be affirmed, with costs.

ZANE, C. J., and BOREMAN, J., concurred.