## DANIEL H. WELLS, APPELLANT, *v.* EMMA G. WELLS, RESPONDENT.

DEED.—RESERVATION.—CONSTRUCTION.—A deed of land to the son of the grantor conveying land in fee-simple contained a clause of reservation as follows: "But, nevertheless, excepting and reserving from the said grant the possession and use of the said premises, and every part and parcel thereof, with the appurtenances, for and during the natural life of Daniel H. Wells, Jr., the grantee, and also of his wife, Emma Geneva, if she shall continue to his death his wife and shall survive him, and so long as she shall continue thereafter unmarried, and on the death of the said Daniel H. Wells, Jr., or in case the said Emma Geneva shall continue his wife to his death and survive him, then on her death or marrying this exception and reservation shall wholly cease;" *held* that as an original question the deed would be construed as reserving an estate in the grantor.

APPEAL.—FINDINGS.—NEW TRIAL.—Where the court below has made its findings, even if the appellate court on the testimony might reach a different conclusion, this is not ground for reversal unless the findings are so palpably erroneous and unsupported by the evidence as to unmistakably demonstrate that the court committed some oversight or acted under some mistake, and this rule applies both in equitable and legal actions.

ESTOPPEL.—CONDUCT.—ACQUIESCENCE.—Where a deed containing a clause of reservation like the above has been construed and acted upon as granting a life estate to the son, and the son entered into possession of the land, having exchanged other lands therefor and made valuable improvements thereon, and a suit for divorce has been tried and settled between the son and his wife, wherein the wife was appointed receiver of the land in controversy, with power to receive the rents and profits thereof, and the wife as receiver has expended money and made valuable improvements upon the property, and these facts were all known to the father, the grantor in the deed,

who made no objection for ten years; *held* that he, the grantor, was estopped from insisting upon the proper construction of the deed.

ADVERSE POSSESSION.—STATUTE OF LIMITATIONS.—LIFE ESTATE.— Where a son as grantee of a life estate and his wife as receiver of his life estate have held open, notorious, continuous and adverse possession of the land in dispute for more than seven years preceding the commencement of the action, the appellant's cause of action is barred by the statute of limitations.

APPEAL from a judgment of the district court of the third district, and from an order refusing a new trial. The opinion states the facts.

*Mr. Joseph L. Rawlins* and *Mr. Arthur Brown,* for the appellant.

*Messrs. Dickson and Stone, Mr. John A. Marshall,* and *Mr. Waldemar VanCott,* for the respondent.

ANDERSON, J.:

The complaint in this case alleges that the plaintiff is the owner and entitled to the possession, rents, and profits of a certain piece of real estate situated in the city of Salt Lake; that on the 14th day of November, 1879, the defendant, Emma Geneva Wells, in an action in the third district court of this Territory, wherein she was plaintiff, and her husband, Daniel H. Wells, Jr., son of plaintiff herein, was defendant, was by said court appointed a receiver to manage, lease, and rent said real estate, and apply $40 per month of said rents to the use and support of herself and child, and hold the overplus of rents, if any, subject to the order of said court; that the plaintiff in this action was not made a party to said divorce proceeding, nor heard therein; that the defendant is still collecting the rents of said property, and appropriating the same to her own use; that he has demanded of the

defendant the surrender of the use and possession of said property, which was refused; that plaintiff is in need of the use and possession of said property; that defendant is not in need thereof; and asks that the order appointing the defendant as receiver of said property be revoked, and that she be required to surrender the property to plaintiff. The defendant, by her answer, denies all the allegations of the complaint, except her appointment as receiver of the property, the receipt of the rents thereof for herself and child, and her refusal to surrender the use and possession of the premises to plaintiff, and that plaintiff is the father of her former husband, Daniel H. Wells, Jr. The defendant pleads the statute of limitations in bar of plaintiff's action, and also sets up that in December, 1874, the plaintiff gave said premises to her said husband, Daniel H. Wells, Jr., and put him in possession thereof; that under said gift her husband, in 1875, began the erection of a dwelling-house on the premises, and that plaintiff advised and encouraged him to do so; that on March 22, 1876, plaintiff, for a good and valuable consideration paid to him, deeded said property to his first grandson, Daniel Hanmer Wells, son of defendant, and the said Daniel H. Wells, Jr., but excepted and reserved from said grant the use and possession of said premises during the natural life of said Daniel H. Wells, Jr., and during the life of this defendant, if she remained the wife of said Wells, Jr., until his death, and thereafter so long as she lived and remained unmarried; that defendant and her husband continued in possession of the premises from December, 1874, to November 14, 1879, when defendant procured a divorce from her husband on account of his habitual drunkenness, and was appointed receiver to manage and lease and collect the rents of said property for the use of herself and son, the grantee in said deed; that the plaintiff and defend-

ant, and the said Daniel H. Wells, Jr., acted on and construed said deed as giving a life-estate to the said Daniel H. Wells, Jr., and also to defendant for such further time after his death as she did not remarry; that plaintiff knew of said divorce proceedings, and of said decree at the time, and always acquiesced in the same until he began this action; that the dwelling-house was uncompleted at the time of said divorce, and that the defendant thereafter completed said house and improvements with money furnished by herself and money derived from the rents thereof, and that the same was done with the knowledge and acquiescence of the plaintiff. The cause was tried to the court, and a judgment rendered dismissing plaintiff's complaint. A motion for a new trial was made and overruled, and the plaintiff brings this appeal from the judgment of the district court, and from the order overruling the motion for a new trial.

The court, in its findings of facts, found that "the defendant and Daniel H. Wells, Jr., were married September 22, 1874, and as issue of said marriage there was born October 2, 1875, Daniel Hanmer Wells, who is the first grandson of plaintiff; that in the latter part of the year 1874 plaintiff gave the premises in controversy to his son, Daniel H. Wells, Jr., and put him in possession of the same; and that the son conveyed certain other real estate situated in Salt Lake City to his father in consideration of said gift; that relying on said gift, and claiming exclusive ownership of said premises, the son began the erection of a dwelling-house and other improvements thereon, in 1875, which dwelling-house and improvements were partially completed previous to the execution of any deed therefor, and with the knowledge, advice, and encouragement of plaintiff; that a short time prior

to March 22, 1876, the said Daniel H. Wells, Jr., became addicted to habitual drunkenness, and the plaintiff determined not to convey the premises to him absolutely, but to convey the same so he, the said Daniel H. Wells, Jr., would have the use of the premises without the power of squandering the same, and in pursuance of such determination plaintiff executed and delivered to his said grandson a deed of said premises dated March 22, 1876; that the defendant and her husband, after the making of said deed, continued in the possession of the premises, the husband claiming an estate for life; and that plaintiff encouraged him in such belief until about June 22, 1889, when this action was begun; that defendant's husband, under such belief as to his life-estate therein, continued to make improvements on said premises, by the encouragement, advice, and acquiescence of plaintiff; that defendant's husband expended a large amount of his means on said - house and improvements, which greatly increased its value, and to such an extent as to render his reimbursement impossible, but that most of the money expended on said house and improvements was loaned by plaintiff to defendant's husband and charged to him; that defendant's husband held exclusive possession of said premises under his claim of a life-estate therein until November 14, 1879, when defendant was duly divorced from the said Daniel H. Wells, Jr., for his gross and habitual drunkenness, and was appointed by the court receiver of said property, and was authorized to apply the rents to the support of herself and child; that plaintiff knew of said divorce, and the appointment of defendant as receiver of said property, but never in any manner made any claim to said premises until the beginning of this action; that after defendant was appointed such receiver she asserted ownership and possession to the extent of a life-

estate in Daniel H. Wells, Jr., and under such claim, and the decree in said divorce case, has held possession ever since, and has completed said dwelling-house and improvements from the rents thereof, with full knowledge thereof on the part of plaintiff; that plaintiff and defendant's husband have acted on, and practically construed and interpreted, said deed from the time of its date as granting a fee to said first grandson subject to the use and possession of an estate therein for and during the natural life of said Daniel H. Wells, Jr.; that from the latter part of the year 1874 until November 14, 1879, the said Daniel H. Wells, Jr., personally, and since said date the defendant as receiver, has held the open, exclusive, notorious, and continuous possession of said premises, claiming to first own said premises in fee, and afterwards an estate therein for the life of said Daniel H. Wells, Jr., adversely to plaintiff, and with full knowledge thereof on his part during all of said time, and that plaintiff has not been seized or possessed of said premises since the latter part of the year 1874."

In the divorce proceedings the plaintiff therein, defendant in this case, alleged in her complaint that she and her husband had by the deed from Daniel H. Wells, Sr., an estate for life in the premises in controversy, with remainder in fee to their infant child, Daniel Hanmer Wells. The defendant by his answer in that case denied that he and his wife, or either of them, had any interest whatever in the property, and alleged that, by the deed, the grantor reserved to himself an estate during the life of his son, and of the plaintiff in that action. The court ordered that the said Daniel H. Wells, Jr., and all persons claiming through him, abstain from selling, leasing, or incumbering the property, or in anyway interfering with this defendant's right to manage the same and collect the rents thereof. The deed from

plaintiff to his grandson was in the usual form, convey-
ing an estate in fee-simple, with the following clause
added, to-wit:

" But, nevertheless, excepting and reserving from the
said grant the possession and use of the said premises, and
every part and parcel thereof, with the appurtenances,
for and during the natural life of Daniel Hanmer Wells,
Jr., and also of his wife, Emma Geneva, if she shall
continue to his death his wife, and shall survive him,
and so long as she shall continue thereafter unmarried,
and on the death of the said Daniel H. Wells, Jr., or
in case the said Emma Geneva shall continue his wife to
his death, and survive him, then, on her death or mar-
rying, this exception and reservation shall wholly cease."

Counsel for appellant contend that, by the terms of
his deed to his grandson, appellant reserved to himself
an estate during the life of Daniel H. Wells, Jr., and
during the life of the defendant if she should survive
him and remain unmarried; and that Daniel H. Wells,
Jr., prior to the divorce was only a tenant at will, and
that after the divorce the defendant, as receiver, held
the property as her husband had held it. While the
deed does not in express terms reserve an estate in the
grantor, yet, as an original question upon the construc-
tion of the terms of the deed, we think such would be
the fair and reasonable construction of the language
used. But in the divorce case the issue was presented
by the pleadings as to whether or not Daniel H. Wells,
Jr., was seized of a life-estate in the property under the
deed, and while the court did not in express terms rule
on the question, yet, in appointing defendant receiver of
the property and granting her the possession and rents
thereof, and enjoining said Daniel H. Wells, Jr., from
in any manner interfering with such possession and use,
it must necessarily have construed the deed as vesting

such estate in him. The court below, in this case, having found that plaintiff had full knowledge of such divorce proceedings, and of the order and decree made therein, and having made no claim to the property for nearly ten years after the decree was rendered, and that plaintiff and Daniel H. Wells, Jr., had always construed and acted on the deed as vesting in said Wells, Jr., a life-estate in the property, and that defendant and her husband through a long series of years occupied and improved the property with the knowledge and encouragement of plaintiff, we think plaintiff should now be concluded by such construction, and estopped from insisting on a literal interpretation of the terms expressed in the deed, and should not be permitted to take the property from the defendant in its improved condition, which has greatly increased its value, while also retaining the property conveyed to him by his son at the time the gift was made. Such a result would be a fraud on the defendant, such as no court of equity will sanction. *Freeman* v. *Freeman*, 43 N. Y. 34; *Peters* v. *Jones*, 35 Iowa, 517; 3 Pars. Cont. 359; *Neale* v. *Neale*, 9 Wall. 1.

It is contended, however, that the findings of the court that plaintiff gave the premises in controversy to his son in 1874; that the son, and afterwards the defendant as receiver, acting under the belief that a life-estate was conveyed to the son by the deed, expended large sums of money in improving the property, with the consent and advice of plaintiff; and that plaintiff and his son practically construed and acted on the deed as conveying a life-estate to the son,—are unsupported by the evidence. At the trial the plaintiff and defendant and Daniel H. Wells, Jr., and a number of other witnesses testified, and the evidence is all before us, and we have examined it carefully, and think it sustains the findings. But even if upon a reading of the testimony this court

might reach a different conclusion as to the facts, or some of them, this would not be ground for reversal. Where a case is tried on oral testimony before the court without a jury, its findings of facts are conclusive in this court on appeal, unless they are so palpably erroneous and unsupported by the evidence as to unmistakably demonstrate that the court committed some oversight, or acted under some mistake, and this rule applies in equitable as well as legal actions.

The statutes of this Territory provide that no action for the recovery of real property or for the possession thereof shall be maintained unless begun within seven years from the time the cause of action accrued. 2 Comp. Laws 1888, §§ 3131–3134. The court found that Daniel H. Wells, Jr., held the premises in controversy adversely to plaintiff from 1874 to 1879, first claiming to own the same in fee, and, after the execution of the deed, claiming a life-estate; and that since November 14, 1879, the defendant has held the premises as receiver under the decree of the district court adversely to plaintiff, claiming an estate therein for the life of the said Daniel H. Wells, Jr., with full knowledge of such adverse claim and holding by plaintiff. The cause of action is therefore barred by the sections of the statute above referred to. The judgment of the district court is affirmed.

ZANE, C. J., and BLACKBURN, J., concurred.