MILANDO PRATT, AND OTHERS, RESPONDENTS, *v.*
    SELDEN I. CLAWSON, AND ANOTHER, APPEL-
    LANTS.

APPEAL.—WEIGHT OF EVIDENCE.—FINDING OF JURY.—An appellate
    court will not disturb the finding of a jury where there is a sub-
    stantial conflict of testimony, even though the court upon the
    evidence would have come to a different conclusion.

APPEAL from a judgment of the district court of the
third district, and from an order refusing a new trial.
The facts are stated in the opinion.

*Mr. E. B. Critchlow* and *Mr. James H. Moyle,* for the
appellants.

*Messrs. Stephens and Schroeder,* for the respondents.

ANDERSON, J.:

This is an action by plaintiffs to recover a commission
of $200, alleged to be due them from the defendants for
furnishing a purchaser for certain real estate owned by
defendants, for the sale of which plaintiffs claimed to be
the agents of the defendants, which agency was denied
by the defendants, and this question of fact was the only
question in the case in the court below. The action was
begun in a commissioner's court, where plaintiffs recov-
ered a judgment of $200 and costs of suit. The defend-
ants appealed to the district court, where the cause was
tried before the court and jury, and resulted in a verdict
and judgment in favor of plaintiffs for $200 and costs.
The defendants made a motion for a new trial, which
was overruled by the court, and from the order overrul-

ing such motion and from its judgment the defendants bring this appeal. The defendants rely for reversal upon the fact that, as they claim, the preponderance of the testimony shows that the only contract of agency made with plaintiffs was by the defendant Selden Clawson, and that the contract was conditional upon obtaining the consent thereto of the defendant Walter Clawson, the real estate being owned by the defendants jointly, and that Walter Clawson never gave his consent to the contract of agency. We have examined the evidence as set out in the record, and while, from a reading of it, the preponderance in favor of plaintiffs is by no means clear, yet there is a substantial conflict in the evidence, and, the jury being the judge of the credibility of the witnesses, the weight of the evidence, and the facts of the case, and having found the facts in favor of the plaintiffs, we are not prepared to say that their verdict is so far unsupported by the evidence as to justify a reversal of the case; and besides this the record does not purport to contain all the evidence, nor an abridgment or abstract thereof, and hence it would be impossible for this court to say the jury did not have sufficient evidence before them to justify their verdict. An appellate court will not disturb a verdict merely because the evidence is conflicting, or because the court, looking at the testimony as written, would have come to a different conclusion than that reached by the jury, who had the witnesses before them. Hayne, New Trial & App. § 288; Hill, New Trials, p. 50. The judgment of the district court is affirmed.

MINER, J., and BLACKBURN, J., concurred.