JOHN FARR AND ANOTHER, RESPONDENTS, v. GEORGE
G. GRIFFITH, APPELLANT.

APPEAL.—VERDICT.—CONFLICTING EVIDENCE.—Where the evidence
is conflicting, the verdict will not be disturbed, unless it is so
manifestly against the weight of the evidence as to show that
the evidence is insufficient or that the jury acted from preju-
dice or passion.

DAMAGES.—MEASURE OF LOSS.—PUTTING UP ICE.—In a suit for
damages for breach of a contract to keep flooded certain ice
ponds used for putting up ice, the measure of damages will
be the value of the ice that might have been put up with
rea-onable diligence, when in the ice-house, less the cost of
putting it there.

ID.—QUANTUM OF DAMAGES.—CONFLICTING EVIDENCE.—Where the
verdict does not appear to be excessive, the quantum of dam-
ages fixed by the jury will not be disturbed.

APPEAL from a judgment of the district court of the
fourth district and from an order refusing a new trial,
Hon. John W. Blackburn, judge. The opinion states the
facts.

*Mr. E. T. Hulaniski*, for the appellant.

*Messrs. Kimball and Allison*, for the respondents.

BARTCH, J.:

The defendant leased to the plaintiffs, for a period of
four years from June 20, 1890, certain ice ponds and ice
houses, for the purpose of putting up and storing ice, and
granted them other privileges. He also agreed to supply
the ponds with the usual water supply, during the ice
making season of each year of the term, with such supply
as the ponds had usually theretofore had. In consideration
therefor the plaintiffs agreed to pay him $6,500.

The plaintiffs claim that during the season of 1891 and 1892 the defendant failed, neglected and refused to furnish the usual water supply for the ponds, and brought this suit to recover damages in the sum of $5,000 for breach of contract on the part of the defendant. The jury returned a verdict assessing plaintiff's damages at the sum of $1,000. The defendant's motion for a new trial having been denied, he appeals to this court, assigning, as error, insufficiency of the evidence to sustain or justify the verdict, and also certain rulings of the court in the trial of the cause.

Under the provisions of the lease it was the duty of the defendant to keep the ponds filled with water in the customary manner, that is, in the same way in which they were filled during the ice making seasons preceding the commencement of the term of the lease.

It appears from the evidence that it was customary, in the autumn of each year, to have the water flow into the ponds, and to keep them full until the weather became so cold as to prevent its flow by freezing, the water being carried by means of an open ditch. It also appears that when so filled there would remain sufficient water in the ponds, during the remainder of the season, to harvest and store the ice. The evidence, on the part of the plaintiffs, tends to show that during the season in question the water in the ponds was much lower than usual, some witnesses stating that it was from three to four feet lower; that this was caused through the neglect and failure of the defendant to fill them, in the usual way, before the cold weather set in; that a large portion of the ice which did form lay on the ground, in the bottom of the ponds, and could not be harvested; and that this occasioned a loss to the plaintiffs of more than two thousand tons of ice. On the part of the defendant the evidence tends to show that the

ponds were filled in the manner usual in the previous seasons; that the water was little, if any, lower than in previous seasons; and that, if it was lower, it was not due to any fault, or neglect, or failure on the part of the defendant.

An examination of the record reveals a substantial conflict in the evidence, on the point of a breach of the contract, by the defendant. This question was properly submitted to the jury, and they found that a breach of contract was committed. Nothing in the record indicates that they acted from prejudice, partiality or corruption, and the court and jury, having had the witnesses before them, and having had an opportunity to observe their manner and bearing while testifying, are more able to judge of the weight which ought to be attached to their testimony than an appellate court, looking at the evidence only as it is written in the record.

The rule is well established that where, in a civil action, the evidence is conflicting, an appellate court will not disturb the verdict, unless it is so manifestly against the preponderance thereof, that the court will not hesitate to declare that the evidence is clearly insufficient to support it, or that the jury have acted from passion or prejudice. In this case the record warrants no such inference and the question raised can not avail the defendant. Hayne on New Trial and Appeal, sec. 288; 2 Thompson on Trials, sec. 2275; *Harrington* v. *Chambers*, 3 Utah, 94.

The next point of contention is the measure of damages. Counsel for appellant insists that the court erred in its charge to the jury. The portion complained of reads as follows:

"If you find for the plaintiff, gentlemen, the measure of damages will be the value of the ice that the plaintiff might, by reasonable diligence, have put up in the ice.

houses; the value of the ice in the ice houses, that they failed to put up on account of the failure of the defendant to supply the usual amount of water, less the cost of putting such ice in the ice houses, the value of the ice in the ice houses less the cost of putting it there."

It is contended that the value of the ice on the ponds should be the measure of damages, and *Handforth v. Maynard,* 154 Mass. 414, is cited in support of this position. That was an action for damages for the loss of ice occasioned by the defendant draining the water from a pond, and the court held that: "The true measure of his damages was the value of his right to harvest the ice upon the pond, and so make it his property at the time when the ice was destroyed, and the plaintiff's right made worthless by the defendants' acts."

The rule thus stated would not appear to differ materially, in its application, from the one stated in the instruction complained of. The plaintiffs, as it appears from the record, were entitled to the market value of that portion of the ice formed on the ponds which they could have harvested and stored in the ice houses, but for the failure of the defendant to supply the water as provided in the lease, less the expense of harvesting and storing.

We think the law, as stated in the charge of the court, as to the measure of damages, under the circumstances shown in this case, was substantially correct. Sutherland on Damages, p. 130; *Dana* v. *Fiedler,* 12 N. Y. 40; *Hale* v. *Trant,* 35 Cal. 229.

On the question of the quantum of damages, of which counsel for appellant complains, the record reveals a substantial conflict in the evidence, and no sufficient reason appears to disturb the verdict on the ground of being excessive.

This is always a question for the jury, subject to the power of the court to set aside their verdict in cases

where the damages are so great or so little as to make it apparent that the jury must have been influenced by partiality or prejudice, or have been misled by some mistaken view of the merits of the case. 2 Thompson on Trials, sec. 2060; *Suffolk* v. *Nantucket*, 16 Pick. 541.

Neither do we think the newly discovered evidence, as appears from the record, was sufficient to warrant the granting of a new trial.

The record reveals no reversible error. The judgment is affirmed.

MINER, J., concurred.