CHARLES T. NELSON, RESPONDENT, *v.* THE SALT LAKE RAPID TRANSIT COMPANY, APPELLANT.

CARRIERS.—EJECTION OF PASSENGERS.—CONFLICTING EVIDENCE.— VERDICT.—In an action by a passenger against a street car railroad company for wrongful ejection, where defendant pleads that plaintiff was smoking in the car, contrary to the rules of the defendant and the evidence upon such issue is conflicting, the verdict for plaintiff will not be disturbed on appeal.

(No. 474. Decided June 19, 1894. 37 P. R. 268.)

APPEAL from the District Court of the Third Judicial District, Hon. Charles S. Zane, *Judge.*

Action by Charles T. Nelson against The Salt Lake Rapid Transit Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Messrs. Williams, Van Cott & Sutherland,* for appellant.

*Mr. O. W. Powers* and *Mr. S. P. Armstrong,* for respondent.

Considering the circumstances of this case, the damages awarded were very small. In a very similar case, *Lake Erie Ry. Co.* v. *Fixe* (11 Am. and Eng. Ry. Cases, 109, 114), a verdict for $600 was allowed to stand. In *Du-Laurens* v. *St. P. & P. Ry. Co.* (15 Minn. 59), $500 was held not excessive. In *I. C. R. R. Co.* v. *Johnson* (67 Ill. 315), $200 was held not excessive. In *McGinnis* v. *Mo. Pac. Ry. Co.* (21 Mo. App. 404–415), $500 was held not excessive. The personal inconvenience to Nelson, the mental suffering, insult, indignity, fright and anxiety, were properly before the jury to be considered in estimating the amount of damages. 3 Suth. on Dam., §§ 392–3.

MINER, J.:

The plaintiff brings this action to recover damages alleged to have accrued to him by reason of having been ejected from the cars of the defendant without cause. It appears from the plaintiff's testimony that he was a passenger on the defendant's cars on the night of October 1, 1891, and was returning to the city from one of the outlying districts in Salt Lake City, with a large amount of money on his person and in a satchel he carried. He had paid his fare, and testified that he had a cigar in his mouth, but it was not lighted. He was not smoking on the car. That he afterwards held the cigar in his hand, but it was not lighted. The conductor received his fare, and afterwards told him he must cease smoking, or get

off the car. The plaintiff replied that he was not smoking. After a short time the conductor returned, and said to plaintiff, "I told you to quit smoking." Plaintiff replied that he was not smoking, whereupon the conductor ordered him off the car, and then took hold of his shoulder and gave him a jerk, and his satchel slipped off. Plaintiff grabbed the satchel, and again the conductor grabbed plaintiff. The conductor was told that he had money in his satchel, and had sent his horses into town, and he rode on the car for protection. Plaintiff also states that he desired to ride on the outside platform, but was refused this permission.

Plaintiff was put off the car about three miles from the central part of the city, and was obliged to walk to the city, with the money upon him, on a dark night. He also states that he was frightened when he was put off the car; was afraid he would lose the money, or be robbed of it; that he had been drinking that day, but was not intoxicated. The place where he was put off was not lighted by the city. Other testimony was offered by the plaintiff, tending to corroborate his testimony. Mr. Carpenter testified that plaintiff had a cigar in his hand, with ashes on it, but no smoke came from the cigar. The defendant offered the testimony of several witnesses, tending to show that plaintiff was smoking in the car, and also that he had been drinking to excess. The case was argued before the jury, and a verdict rendered for the plaintiff for $100. The defendant assigns as error that the plaintiff was violating a rule of the company by smoking in the cars, and that a clear preponderance of the evidence shows that plaintiff was smoking in the car, in violation of the rules of the company, and against the request of the conductor not to smoke, and that the damages are excessive. We are satisfied from the whole record that there was a clear conflict in the testimony. The

plaintiff testifies, and is corroborated by one witness, that he was not smoking while in the car, while several witnesses on the part of the defendant testify he was smoking in the car.

The testimony raises a question of fact that could only be passed upon by the jury. Under our statute, the jury are the judges of the facts, the credibility of the witnesses, and of the weight of the evidence. Our statute requires this instruction ro be given to the jury. Comp. Laws 1888, §§ 3361, 3876, 5035. This court will not disturb a verdict merely because the evidence is conflicting, or because the court, looking at the testimony as written, would come to a different conclusion than that reached by the jury, who had the witnesses before them. This has been the uniform ruling in this court. *Farr* v. *Griffith*, 9 Utah, 416, 35 Pac. 506; *Pratt* v. *Clawson*, 7 Utah, 254, 26 Pac. 300; Hayne New Trials, & App. § 288; *Seley* v. *Southern Pac. Co.*, 6 Utah, 319, 23 Pac. 751; *Mining Co.* v. *Haws*, 7 Utah, 515, 27 Pac. 695; *Wells* v. *Wells*, 7 Utah, 68, 24 Pac. 752; *Toponce* v. *Stock Co.*, 6 Utah, 439, 24 Pac. 534; *Trihay* v. *Mining Co.*, 4 Utah, 480, 11 Pac. 612; *Cunningham* v. *Railway Co.*, 4 Utah, 211, 7 Pac. 795; *Bowers* v. *Railroad Co.*, 4 Utah, 225, 7 Pac. 251; *Wilkinson* v. *Pratt*, 32 Cal. 104. The court below saw the witnesses, and heard the testimony, and refused to grant a new trial. We can see no reason for disturbing the judgment, either because there was insufficiency of evidence to support it or because it was excessive. The case was properly submitted to the jury, and their findings should not be disturbed. The judgment of the court below is affirmed.

MERRITT, C. J., and BARTCH and SMITH, JJ., concur.